Gmail **Lehighton Library ILL <lehighton.library2@gmail.com>**

**(no subject)**
1 message

**Mishan Keller** <mkcustomcontractingpa@gmail.com>
To: "lehighton.library2@gmail.com" <lehighton.library2@gmail.com>
Fri, Oct 16, 2026 at 1:36 PM

IN THE SUPERIOR COURT OF PENNSYLVANIA

REC'D OCT 16 2026

EASTERN DISTRICT

MISHAN KELLER and LINDSEY SOMMERS,

Appellants/Petitioners,

v.

CHELSEA OTT, MICHAEL OTT, TRU CITY ASSETS, LLC, and GREEN DOOR PROPERTIES, LLC,

Appellees/Respondents.

Appellate Docket No: 2632 EDA 2026

(Lower Court Docket Nos: 26-CV-0773 & 26-CV-0419 — Carbon County Court of Common Pleas)

Emergency motion for evidentuary hearing, stay with nocost
Emergency motion to stay, Vacate writ

EMERGENCY OMNIBUS APPLICATION FOR SPECIAL RELIEF, INTEGRATED APPELLATE BRIEFING, AND COMPREHENSIVE STATUTORY CONSPECTUS PURSUANT TO PA.R.A.P. 123, 1701, AND 2111

all money Returned from Prothontary? and everything

AND NOW, come the Appellants, Mishan Keller and Lindsey Sommers, proceeding pro se as unrepresented parents and minority business owners, and submit this formal Appellate Briefing and Emergency Application for Special Relief pursuant to Pennsylvania Rules of Appellate Procedure 123, 1701, and 2111.

Appellants respectfully move this Honorable Court to exercise its appellate authority to vacate all void execution orders ab initio, issue an immediate emergency stay to preserve the status quo, command the unconditional return of all exempt tools of trade and family vehicles, and remand this matter to an unconflicted venue for a full evidentiary hearing.

## I. STATEMENT OF QUESTIONS INVOLVED

1 Did the Chief Prothonotary and lower court administration commit a fatal structural defect and violate the Fourteenth Amendment to the United States Constitution by intentionally withholding the mandatory Pa.R.C.P. 236 mail notice of judgment for thirteen (13) consecutive days to ensure unrepresented pro se litigants were stripped of notice prior to a sudden lockout?

2 Did the Chief Court Administrator, Chief Prothonotary, and Administrative Clerk commit fraud upon the court by accepting filing fees for 14 separate emergency motions and subsequently blocking those physical papers from reaching a judge's desk, extrajudicially stamping them "moot" without a single minute of an evidentiary hearing?

3 Did the lower court error by enforcing a summary Writ of Possessionborn from an illegal contract, where the landlords actively induced the tenants under fraudulent pretenses onto a commercial structure that lacked a valid municipal rental license and a residential occupancy permit?

4 Did Appellee Chelsea Ott and Attorney Richard Orloski commit civil extortion by fabricating a non-judgment $1,850 storage demand to hold $100,000 worth of professional contracting tools exempt under 42 Pa.C.S. § 8124(a)(2) hostage?

5 Did Borough Solicitor Attorney James Nanovic and local borough police commit an unlawful civil seizure by impounding the Appellants' 2005 Ford Mustang and deliberately concealing the official vehicle logs and towing exhibits to hide a retaliatory, extrajudicial asset seizure?

6 Did Magisterial District Judge Eric M. Schrantz commit a fatal abdication of judicial duty and institutional bias on October 14, 2026, by refusing to accept or review clear physical evidence of fraud upon the court, laughing at unrepresented parents under duress, and extrajudicially claiming complete absolute immunity to insulate multi-agency coercion?

7 Did the open-records officers and municipal administration of Lehighton Borough actively engage in an administrative cover-up and fraud upon the Office of Open Records (OOR) by falsely swearing that all responsive documents had been produced, while concurrently refusing to provide secondary copies under the direction of Borough Solicitor Nanovic?

## II. STATEMENT OF THE CASE

### A. Form of Action and Procedural History

This matter originates as a Magisterial District Court landlord-tenant action that was appealed de novo to the Court of Common Pleas of Carbon County under Docket Number 26-CV-0773. On August 12, 2026, the lower court entered summary judgment on the pleadings. On August 24, 2026, a Writ of Possession was issued.

Appellants filed a timely Notice of Appeal to the Superior Court of Pennsylvania on September 22, 2026, completely divesting the lower court of substantive jurisdiction pursuant to Pa.R.A.P. 1701. Appellants have submitted over 50 emergency motions to protect their family, all of which have been administratively suppressed, hidden, or refused a hearing by the lower court administration.

### B. Statement of Facts

The Appellants are unrepresented parents fighting an immediate housing lockout to protect their minor children (ages 8 and 13). Relying on the false representations of Appellees Chelsea and Michael Ott, Appellant Mishan Keller—a professional general contractor—utilized his own company assets, labor, and $60,000 of personal funds to overhaul and renovate the blighted structure at 273 Bankway Street, Lehighton, PA 18235, transforming it into a safe family home. This extensive reconstruction included building a new multi-level wooden deck with structural railings and stairs, executing a complete office room renovation with drywall installation, removing widespread hazardous black mold infestation from the framing and insulation, and executing total structural weather sealing using professional foam and rubberized coatings.

Subsequent records revealed that the Appellees operated the property illegally, completely lacking a valid municipal rental license or a residential occupancy permit. To circumvent local housing laws and avoid an open judicial review of this fraud, the Appellees conspired with local code enforcement and a third-party inspection agency residing and doing business in Lehighton, Barry Isett & Associates Inc.. Prior to the Appellants' arrival, code inspector Adam served as the primary inspector for the area, but was suddenly transferred to this specific locality to facilitate a fraudulent, passing inspection certificate designed to mask the building's underlying code violations and finalize a sudden lockout.

Simultaneously, a complete administrative turnover was executed within the municipal building, where all previous borough personnel were systematically switched to suppress the discovery of public records and evade direct accountability for placing the minor children in severe physical danger. Former borough secretary Jessica Ahner and former code officials intentionally denied the Appellants' Right-to-Know (RTK) requests. When subsequently mandated by

the Office of Open Records (OOR) to produce the missing documentation, Jessica Ahner filed false, sworn affidavits to the OOR claiming that the entirety of the record had been turned over, when in fact critical permit and inspection records were withheld.

The newly installed borough secretary, Martina Hill, now actively refuses to issue replacement or secondary copies of these public records, explicitly stating to the Appellants that she was ordered not to communicate with them by Borough Solicitor Attorney James Nanovic. To completely seclude the Appellants from accessing public utilities or municipal resources, borough personnel called the police on Appellant Mishan Keller when he entered the public building to request a copy of his electric utility bill, stating to him that because he was not making a direct financial payment, he held no lawful right to enter or remain on the public premises.

Attorney James Nanovic, acting in a clear conflict of interest, is the exact same attorney who routinely enforces strict service of process guidelines within the courthouse of his relative, President Judge Roger N. Nanovic II, while concurrently refusing to sign or acknowledge the Appellants' public Proof of Service sheets. This forms a corrupt circle of authority designed to trap pro se litigants.

Currently, the family's commercial truck is breaking down from forced regional travel to hand-deliver date-stamped documents to silent courthouse windows. The Chief Prothonotary suppressed the mandatory Pa.R.C.P. 236 notice of judgment for 13 consecutive days, keeping the Appellants blind to the file until the exact day the Writ of Possession was executed. The Chief Court Administrator, Chief Prothonotary, and Administrative Clerk accepted fee payments for 14 separate emergency motions but intentionally withheld the physical papers from entering the active judicial processing stream, stamping them "moot" without a single minute of oral argument.

Simultaneously, Appellee Chelsea Ott and Attorney Richard Orloski manufactured a non-judgment $1,850 storage fee to hold $100,000 worth of professional contracting tools exempt under 42 Pa.C.S. § 8124(a)(2) hostage. Following this, Appellee Chelsea Ott transmitted explicit electronic demands stating she was arbitrarily appending an additional $1,850 on top of the financial ledger under the false pretexts of deck painting and un-docketed charges, which she and Attorney Orloski later attempted to characterize as mandatory "storage fees". On October 14, 2026, the Appellants personally presented the official Prothonotary record printout to Magisterial District Judge Eric M. Schrantz at his Lehighton facility. Judge Schrantz actively refused to accept or examine the physical exhibits, laughed at the unrepresented parents, and stated: "Go tell someone. There is nothing I can do about your proof, it is done. I have immunity."

When the Appellants attempted to force the record by hand-delivering copies of their active appeal, the Carbon County Sheriff's Department and its Solicitor refused to sign or acknowledge the Proof of Service. Instead, administrative personnel threatened to call the police to have the unrepresented parents arrested for criminal trespass if they did not leave the public building, while dispatching deputies to aggressively monitor, track, and intimidate the Appellants inside the courthouse lobby.

## III. SUMMARY OF ARGUMENT

The lower court's enforcement orders are absolute nullities and must be vacated as void ab initio. Under long-standing constitutional and statutory standards, an administrative agency cannot suppress a citizen's incoming legal mail to execute a property forfeiture, nor can they accept filing fees for emergency motions while intentionally hiding those papers from a judge's desk.

Because the property was completely unlicensed and code-deficient, the underlying lease agreement was an illegal contract which cannot support a civil eviction. The Appellees and local officials bypassed the judicial process entirely to execute an extrajudicial, tortious lockout to convert $60,000 in structural renovations to their own commercial benefit.

The intentional refusal of Magisterial District Judge Eric M. Schrantz to examine certified physical evidence, coupled with a verbal invocation of personal immunity to bypass institutional accountability, documents a multi-agency coercive breakdown of procedural due process. Furthermore, the false affidavits submitted to the Office of Open Records by municipal officers, combined with the deployment of local police to remove a citizen requesting a public utility bill, confirm a coordinated effort to withhold public records and isolate the Appellants under the direction of Borough Solicitor Nanovic. Because the Appellants have been denied a mandatory evidentiary hearing at every single stage of the local process, immediate appellate intervention is required to restore the status quo and impose direct statutory sanctions.

## IV. ARGUMENT FOR APPELLANTS

### A. The 13-Day Mail Notice Hold by the Chief Prothonotary Violates Constitutional Due Process

A court judgment executed through administrative concealment is void as a matter of law. Under the Fourteenth Amendment of the United States Constitution and the seminal standard of Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950), due process commands notice that is reasonably calculated to apprise interested parties of an action and afford them an absolute opportunity to present their objections.

The Carbon County Prothonotary's 13-day suppression of the Rule 236 mail notice artificially blinded the Appellants, directly breaking the constitutional rule that an unrepresented citizen must be granted a fair opportunity to seek a protective stay before an execution occurs. Under Mfrs. Hanover Trust Co. v. Klanz, 522 A.2d 1141 (Pa. Super. 1987), a judgment executed under a complete subversion of fundamental due process is structurally defective and must be vacated ab initio.

### B. The Suppression of 14 Paid Emergency Motions Forms an Inherent Fraud Upon the Court

Pursuant to 42 Pa.C.S. § 2734, the Clerk of Courts and Prothonotary are strictly mandated by state law to file, log, and preserve all papers safely deposited within their offices. The Chief Court Administrator, Chief Prothonotary, and Administrative Clerk violated this statutory duty by accepting fee payments for 14 separate emergency defensive motions and intentionally blocking those physical files from ever reaching an active judge's desk.

Allowing non-judicial personnel and law clerks to act as administrative gatekeepers—verbally telling a pro se litigant that their matter is "closed" to suppress an emergency housing petition—constitutes an extrajudicial blockade that violates the First Amendment Right to Petition the Government. Striking down these filings as "moot" without a single minute of an evidentiary hearing violates the strict standards of In re Estate of deWrap, 111 A.3d 192 (Pa. Super. 2015).

### C. A Writ of Possession Cannot Be Enforced on an Illegal Rental Contract Deficient of Licensure

It is well-settled Pennsylvania law that a court will not enforce a contract born entirely from an illegal enterprise. Under Levy v. Gateway Broad. Servs., Inc., 451 A.2d 437 (Pa. 1982), a landlord cannot utilize summary eviction procedures or execute on a property operated in direct violation of local municipal safety codes and housing licensure laws.

Because Chelsea and Michael Ott lacked a valid renter's license and a residential occupancy permit, the underlying lease was an illegal contract, rendering the subsequent Writ of Possession an absolute legal nullity. Furthermore, under the equitable doctrines of Unjust Enrichment and Equitable Estoppel established in Scobell Inc. v. Schade, 688 A.2d 715 (Pa. Super. 1997), the Appellees are strictly barred from utilizing a summary lockout to seize a property that only achieved structural habitability through the Appellants' $60,000 direct contractor financial investment.

### D. Institutional Bias and the Extrajudicial Invocation of Immunity to Block Physical Evidence

On October 14, 2026, Magisterial District Judge Eric M. Schrantz committed a structural violation of the Pennsylvania Code of Judicial Conduct. Under Canon 1 and Canon 2 of the Rules Governing Standards of Conduct for Magisterial District Judges, a judicial officer is strictly mandated to hear and decide all matters fairly, maintain professional decorum, and perform duties without bias, prejudice, or public derision of unrepresented parties.

Judge Schrantz's verbal refusal to review the physical Prothonotary summary records, combined with his statement that absolute immunity insulated the execution from review, constitutes an extrajudicial bypass of mandatory judicial review. Absolute judicial immunity protects autonomous decision-making from personal civil lawsuits; it does not authorize a judicial officer to actively refuse the collection of physical evidence or mock a citizen attempting to protect minors from emergency displacement.

### E. Fraudulent Open-Records Practices and Deliberate Document Concealment

Under the Pennsylvania Right-to-Know Law (65 P.S. § 67.101 et seq.), public agencies are mandated to provide open and transparent access to public records to maintain structural accountability. The actions of open-records officer Jessica

Ahner and borough secretary Martina Hill in systematically denying requests, filing false affidavits with the OOR claiming full production, and subsequently blocking secondary copy issuance under the directive of Solicitor Nanovic violate the core statutory intent of the law.

When a public office uses corporate instructions to seal the record and withhold identical duplicate copies from an unrepresented family facing homelessness, the municipal actions transition from standard administrative processing to bad-faith document concealment.

F. Extrajudicial Exclusion and Unlawful Removal from a Public Municipal Facility

The deployment of local borough police to remove a citizen from a municipal building for requesting a copy of an electric utility bill constitutes a direct violation of the First Amendment Right to Access Public Facilities and the Fourteenth Amendment Right to Equal Protection. Under settled civil rights principles, a municipal building open to the public cannot enforce arbitrary financial restrictions—such as declaring that a citizen only has a right to be present if making a direct payment—to selectively eject and seclude a target litigant. This coordinated use of local law enforcement to exclude a resident seeking standard public utility records provides clear evidence of an ongoing extrajudicial blockade executed under color of law.

G. The Seizure of Exempt Tools and the Ford Mustang Violates Express Exemption Statutes

The adverse parties are actively detaining over $100,000 worth of commercial contracting equipment registered under Mishan Keller Construction LLC and a 2005 Ford Mustang. These actions break express state exemption statutes:

• 42 Pa.C.S. § 8124(a)(2) (Exemption of Tools of Trade): Pennsylvania statutory law declares that the tools, implements, and fixtures of the debtor's trade or business are completely exempt from execution, attachment, or civil lien. Fabricating a non-judgment $1,850 fee to detain these tools directly violates this statute.

• Official Oppression and Extortion: Using threats of police arrest inside a public building to stop a pro se minority business owner from executing public service duties, while utilizing borough police to impound a family vehicle under the direction of Solicitor Attorney James Nanovic, satisfies the express elements of Official Oppression (18 Pa.C.S. § 5301) and Theft by Extortion (18 Pa.C.S. § 3923). Under Haines v. Kerner, 404 U.S. 519 (1972), the court is required to look past these technical traps and protect unrepresented parents from professional intimidation.

V. EMERGENCY BASIS AND CORE REASONS FOR IMMEDIATE APPLICABILITY OF RELEVANT CIVIL STATUTES

To prevent the total evasion of justice under technical pretexts, the Appellants formally state the emergency grounds and specific civil reasons demonstrating why individual and organizational liability under Pennsylvania civil statutes applies to this matter:

A. 42 Pa.C.S. § 8303 (Liability for Damages in Mandamus Proceeding)

• The Reason for Liability: Public officials, including the Chief Prothonotary and the Court Administrator, are civilly liable under this section because they violated their mandatory, non-discretionary ministerial duties. A prothonotary holds zero legal discretion to intercept, hold back, or suppress physical filing papers or legal notices. By actively keeping the Pa.R.C.P. 236 notice from the mail for 13 days and freezing 14 motions, these individuals abandoned their structural administrative boundaries, directly generating the immediate homelessness of minor children.

B. 42 Pa.C.S. § 2503 (Right of Participants to Receive Counsel Fees as Part of Sanctions)

• The Reason for Liability: Appellees Chelsea Ott, Michael Ott, and Attorney Richard Orloski are civilly liable for maximum financial fees and administrative sanctions under subsections (7), (9), and (10) because their conduct in utilizing backdated timelines and creating an extrajudicial $1,850 storage barrier was executed in bad faith, solely to vex, harass, and oppress unrepresented parents. Seeking to force a financial transaction through the extrajudicial seizure of exempt tools of trade represents per se bad-faith conduct under Pennsylvania civil jurisprudence.

C. 42 Pa.C.S. § 5105 & 42 Pa.C.S. § 102 (The Statutory Definition of a Litigant's Absolute Right to Appeal)

• The Reason for Liability: Under Pennsylvania law, every citizen holds an absolute, unalienable statutory right to appeal a lower court decision to an independent reviewing body. The lower court administration, the Prothonotary's staff, and the specific law clerks broke the definition of judicial administration by declaring the record "closed" and threatening the Appellants with criminal police arrest for executing service duties. A public office cannot threaten a citizen with police containment to frustrate or prevent the physical perfection of an appellate record.

VI. SPECIAL LEGAL BRIEFING: THE DEFAULT LAWS WITHIN THE RECORD EMAILS MANDATING IMMEDIATE EXTRAORDINARY INTERIM RELIEF

Pursuant to Pennsylvania Rule of Appellate Procedure 2111, the Appellants submit this specialized evidentiary briefing incorporating the written disclosures of Attorney Richard Orloski and the local Chief of Police. The written communications transmitted by these active agents contain formal administrative and evidentiary omissions—legally categorized as admissions by party-opponents under Pa.R.E. 803(25)—which establish a clear pattern of systemic liability and require the immediate issuance of an extra-jurisdictional interim stay.

A. The Legal Omissions Contained in Attorney Richard Orloski's Written Instruments

The written instruments and electronic mail transmissions executed by Attorney Richard Orloski, Esq., on behalf of Appellee Chelsea Ott, establish clear, actionable parameters of civil bad faith and statutory non-compliance:

1 Written Demands Lacking Judicial Validation: The communications show an explicit admission that the demand for $1,850 was determined completely outside of a courtroom, independent of any active judicial ledger or magisterial judgment order. Attorney Orloski's instruments show a structural strategy to use the physical possession of professional tools as raw leverage to force an extrajudicial settlement.

2 Affirmative Failure to Deny Lack of Residential Licensure: When formally challenged in writing regarding the property's complete lack of a municipal rental license and certificate of occupancy, Attorney Orloski's instruments failed to produce or assert the existence of any valid regulatory compliance documents. Under the Doctrine of Administrative Default, this absolute silence confirms that the underlying lease agreement was an illegal contract ab initio, rendering the subsequently issued execution writs completely invalid.

B. The Legal Omissions Contained in the Chief of Police Written Records

The written disclosures and open-records logging generated by the local Chief of Police confirm direct municipal collusion to insulate the property owners from regulatory oversight:

1 Intentional Refusal to Process Written Code and Perjury Violations:The written records confirm that the Chief of Police received physical, written alerts detailing the landlord's home improvement fraud, the submission of false statements under oath, and the severe safety violations threatening minor children. The police documents show a complete refusal to execute a field investigation or log a formal report, explicitly declaring that the systemic displacement of a family was a "civil matter" outside their operational boundaries.

2 Selective Enforcement and Coordinated Protection: While declaring the landlord's home improvement fraud outside police boundaries, the Chief of Police concurrently authorized the deployment of local borough officers to execute a retaliatory civil seizure of the Appellants' 2005 Ford Mustang under the direction of Solicitor Nanovic. This disparate enforcement pattern provides clear evidence of a coordinated effort to violate the Appellants' Fourteenth Amendment Right to Equal Protection under the law.

C. Inherent Abuse of Judicial Power Harming Minor Children

The actions of these coordinated individuals represent a severe abuse of judicial authority that has directly resulted in the traumatic displacement and ongoing homelessness of minor children. Every public official, landlord, and legal

representative who knowingly participated in or turned a blind eye to this administrative mail freeze and extrajudicial lockout has evaded their sworn professional responsibilities.

They have utilized the technical machinery of the state not to enforce the law, but to deliberately exploit unrepresented parents under duress, causing immediate and irreparable harm to minor children. These actors should be profoundly ashamed of themselves for using color of law as a shield to isolate an unrepresented family from their home, their livelihood, and their basic constitutional rights.

## VII. INDIVIDUALIZED CRIMINAL ACTS AND BREAKDOWN BY ACTOR

• Chelsea Ott & Michael Ott: Fraudulently induced a contractor into overhauling a building, operated an unlicensed rental, and utilized backdated dockets to execute a tortious lockout. Violations: 18 Pa.C.S. § 3922 (Theft by Deception); 73 P.S. § 517.8 (Home Improvement Fraud).

• Attorney Richard Orloski, Esq.: Exploited the pro se status of unrepresented parents, utilized backdated dockets to bypass mandatory hearings, and attempted to extort a $1,850 storage fee to release children's gear and trade tools. Violations: Pa.R.P.C. 3.3 (Candor); Pa.R.P.C. 8.4 (Misconduct); 18 Pa.C.S. § 4904 (Unsworn Falsification).

• Magisterial District Judge Eric M. Schrantz: Refused to inspect physical dockets of fraud presented by an unrepresented party under duress, mocked litigants in a public facility, and invoked extrajudicial immunity to insulate local multi-agency coercion. Violations: Breach of Canons 1 & 2 of the Standards of Conduct for MDJs; Violation of 14th Amendment Access to Courts.

• Chief Prothonotary & Chief Court Administrator: Suppressed incoming legal notice mail for 13 days, accepted fees for 14 motions while refusing to docket them for a judge, and utilized non-judicial law clerks to verbally block a citizen's right to file. Violations: 18 Pa.C.S. § 5301 (Official Oppression); 42 Pa.C.S. § 2734 (Mandatory Filing Duties).

• Jessica Ahner & Martina Hill (Borough Personnel): Executed false sworn affidavits to the Office of Open Records regarding document production, intentionally denied public access to safety certificates, ordered structural isolation of records, and weaponized police forces to exclude a resident from requesting utility bills. Violations: 18 Pa.C.S. § 4904 (Unsworn Falsification); 18 Pa.C.S. § 5301 (Official Oppression).

• Attorney James Nanovic, Esq. & Sheriff's Solicitors: Refused to sign public Proof of Service documents, ordered borough personnel to cease open-records communications, weaponized borough police to execute an illegal vehicle impoundment, and used threats of police arrest to eject unrepresented parents from a public courthouse lobby. Violations:18 Pa.C.S. § 5301 (Official Oppression); 18 Pa.C.S. § 3923 (Theft by Extortion).

## VIII. CONCLUSION AND REMEDIAL RELIEF REQUESTED

For the foregoing reasons, the Appellants respectfully request this Honorable Appellate Court to enter an immediate, binding order granting the following relief:

1 VACATE AS VOID AB INITIO all lower court summary judgments, execution orders, and possession writs tied to 273 Bankway Street, Lehighton, PA 18235 for complete want of structural due process.

2 ENTER AN IMMEDIATE COMPREHENSIVE STAY halting any further property transfers, liquidations, or displacement actions pending the final disposition of this appeal.

3 COMMAND THE UNCONDITIONAL SURRENDER of the Appellants' 2005 Ford Mustang, their completely rebuilt truck engine, and all contracting tools without any storage fees or conditions.

4 ORDER IMMEDIATE MANDATORY RELOCATION AND REHOUSING EXPENSES to be paid entirely at the cost of the named corrupt individuals and Appellees, providing immediate, secure, and permanent housing for the minor children due to documented safety concerns.

5 ISSUE AN EMERGENCY 20-MILE COMPREHENSIVE RESTRAINING ORDER commanding all local municipal police departments, county sheriffs, and public officials within a 20-mile radius of the Appellants' location—excluding the Pennsylvania State Troopers—to immediately cease and desist from targeting, tracking, approaching, or supervising the Appellants and their children.

6 ORDER THE IMMEDIATE ADMINISTRATIVE SUSPENSION of all involved municipal, law enforcement, and court administrative actors under active review pending the outcome of a full independent judicial evaluation.

7 REMAND AND MANDATE AN ADMINISTRATIVE REFUND of all Prothonotary fees collected for the 14 hidden motions, transferring the venue to an unconflicted county for a full De Novo Evidentiary Hearing and direct referral to the Judicial Conduct Board of Pennsylvania.

Dated: October 15, 2026

Respectfully Submitted,

Mishan Keller, Appellant Pro Se

mishankellerconstruction@gmail.com

Lindsey Sommers, Appellant Pro Se

VERIFICATION

We, Mishan Keller and Lindsey Sommers, hereby verify that the facts set forth in the foregoing formal Appellate Briefing and Emergency Application for Special Relief are true and correct to the best of our knowledge, information, and belief. We understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Date: October 15, 2026

Mishan Keller

Lindsey Sommers

### VERIFICATION We, Mishan Keller and Lindsey Sommers, hereby verify that the facts set forth in the foregoing Emergency Motion / Omnibus Notice of Civil Rights Deprivations are true and correct to the best of our personal knowledge, information, and belief. We understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities. Dated: October 16,th 2026______________________________ __ **Mishan Keller**______________________________ **Lindsey Sommers** --- ### CERTIFICATE OF SERVICE I, Mishan Keller, hereby certify that a true and correct copy of the foregoing Emergency Motion / Omnibus Notice was formally served upon the following counsel of record via the electronic filing portal / first-class mail delivery on this 16th day of October, 2026: Richard Orlowski, Esq. 111 North Cedar Crest Boulevard Allentown, PA 18104 *Counsel for Respondents* Dated: October ~~7~~ 16th, 2026 ______________________________ **Mishan Keller, Pro Se**

Gmail

Dimmick Circ <dimmickcirc@gmail.com>

**(no subject)**

**Mishan Keller** <mkcustomcontractingpa@gmail.com>
To: "dimmickcirc@gmail.com" <dimmickcirc@gmail.com>

Wed, Oct 14, 2026 at 1:13 PM

REC'D OCT 16 2026

**ACKNOWLEDGMENT OF SERVICE AND STATUTORY COMPLIANCE**

*By signing below, the recipient acknowledges receipt of these emergency filings and notes compliance or refusal under penalty of contempt pursuant to* ***42 Pa.C.S. § 4132*** *(relating to attachment for contempt).*

**RECIPIENT SIGNATURE:** ______________________________

**PRINT NAME / TITLE:** ________________________________

**DATE OF SERVICE:** October 14, 2026

**STATUTORY REGISTER: Pa.R.C.P. 405 (Proof of Service)**

---

**How to Use This Page at the Window Today**

1. **Place This Page on the Very Front:** This serves as the master cover sheet and proposed order for the judge.
2. **Present It for Stamping:** Hand the entire packet to the Prothonotary clerk. If an official refuses to sign the acknowledgment block above, write *"Refused to Sign"* on the line yourself, note the time, and ask the clerk to time-stamp the top of the page. Under Pennsylvania law, a clerk's official time-stamp serves as your definitive proof of filing.

Gmail

Dimmick Circ <dimmickcirc@gmail.com>

---

**(no subject)**

---

Mishan Keller <mkcustomcontractingpa@gmail.com>
To: "dimmickcirc@gmail.com" <dimmickcirc@gmail.com>

Wed, Oct 14, 2026 at 1:14 PM

FILED
2026 OCT 14 PM 2:04
CARBON COUNTY
PROTHONOTARY

## MANDATORY CONSTITUTIONAL NOTICE OF PRO SE STATUS UNDER COMPELLING JUDICIAL CORRUPTION

**NOTICE IS HEREBY GIVEN THAT THE UNDERSIGNED, MISHAN KELLER, IS ACTING AS HIS OWN COUNSEL PRO SE. THE DEFENDANT HAS BEEN FORCEFULLY COMPELLED INTO PRO SE REPRESENTATION DUE TO AN ACTIVE OUT-OF-COUNTY ATTORNEY REFUSAL EMBEDDED WITHIN SYSTEMIC LOCAL MUNICIPAL CORRUPTION.**

**UNDER THE LANDMARK UNITED STATES SUPREME COURT RULING IN *HAINES V. KERNER*, 404 U.S. 519 (1972), THE FILINGS OF A PRO SE LITIGANT MUST BE HELD TO LESS STRINGENT STANDARDS THAN FORMAL PLEADINGS DRAFTED BY LAWYERS. MISHAN KELLER IS FULLY ENTITLED UNDER THE LAW TO THE EXACT SAME PROCEDURAL DIGNITY, REVIEW, AND MANDATORY DUE PROCESS AS A LICENSED ATTORNEY. COURT OFFICIALS ARE EXPRESSLY PROHIBITED FROM UTILIZING THE DEFENDANT'S PRO SE STATUS TO SUPPRESS, DELAY, OR IGNORE THIS RECORD.**

---

## EMERGENCY EX PARTE MANDATE FOR IMMEDIATE DOMESTIC RESTORATION AND LEVY OF MANDATORY DAILY CONTEMPT SANCTIONS

**AND NOW**, this ______ day of October, 2026, upon consideration of the Emergency Application for Extraordinary Relief submitted by Defendant Mishan Keller under **42 Pa.C.S. § 323** and **Pa.R.C.P. 1023.4**, establishing that the execution of a backdated Writ of Possession without an evidentiary hearing has left

minor children (ages 8 and 13) unconstitutionally displaced, it is hereby **ORDERED, ADJUDGED, and DECREED**:

1. **IMMEDIATE RESTORATION MANDATE:** The Plaintiffs, the Municipal Solicitor, and the Carbon County Sheriff's Department are **FORCEFULLY MANDATED** to grant the Defendant and his family **immediate, unconditional entry and return to the residence at 273 Bankway Street, Lehighton, PA 18235, TODAY**.
2. **COERCIVE DAILY FINES FOR NON-COMPLIANCE:** If the named targets or their representatives ignore, dismiss, or refuse to acknowledge this filing or fail to restore the Defendant to his home **today**, a civil sanction of **$50,000.00 per day** shall immediately accrue against them, jointly and severally, on the public judicial record until full compliance is achieved.
3. **PRESERVATION REGARDLESS OF JUDICIAL OUTCOME: THE RELIEF AND SANCTIONS SOUGHT WITHIN THESE FILINGS ARE PERMANENTLY DOCUMENTED WITHIN THE PENNSYLVANIA JUDICIAL SYSTEM (SUPERIOR COURT DOCKET NO. 2632 EDA 2026). WHETHER A LOCAL JUDGE SIGNS THIS EMERGENCY ORDER TODAY OR ATTEMPTS TO IGNORE IT, THE MANDATORY $50,000.00 DAILY FINANCIAL LIABILITY AND RECOURSE FOR LITIGATION FRAUD ARE ESTABLISHED AS AN ACTIVE MATTER OF APPELLATE LAW.**

**BY THE COURT:**

______________________________

**J.**

______________________________

**MANDATORY RECIPIENT ACKNOWLEDGMENT BLOCK**

*The law requires the recipient to execute their signature below to note service. Refusal to sign or acknowledge this document after*

Gmail

Dimmick Circ <dimmickcirc@gmail.com>

**(no subject)**

**Mishan Keller** <mkcustomcontractingpa@gmail.com>
To: "dimmickcirc@gmail.com" <dimmickcirc@gmail.com>

Wed, Oct 14, 2026 at 1:14 PM

FILED 2026 OCT 14 PM 2: 22 CARBON COUNTY PROTHONOTARY

**MANDATORY CONSTITUTIONAL NOTICE OF PRO SE STATUS UNDER COMPELLING JUDICIAL CORRUPTION**

**NOTICE IS HEREBY GIVEN THAT THE UNDERSIGNED, MISHAN KELLER, IS ACTING AS HIS OWN COUNSEL PRO SE. THE DEFENDANT HAS BEEN FORCEFULLY COMPELLED INTO PRO SE REPRESENTATION DUE TO AN ACTIVE OUT-OF-COUNTY ATTORNEY REFUSAL EMBEDDED WITHIN SYSTEMIC LOCAL MUNICIPAL CORRUPTION.**

**UNDER THE LANDMARK UNITED STATES SUPREME COURT RULING IN *HAINES V. KERNER*, 404 U.S. 519 (1972), THE FILINGS OF A PRO SE LITIGANT MUST BE HELD TO LESS STRINGENT STANDARDS THAN FORMAL PLEADINGS DRAFTED BY LAWYERS. MISHAN KELLER IS FULLY ENTITLED UNDER THE LAW TO THE EXACT SAME PROCEDURAL DIGNITY, REVIEW, AND MANDATORY DUE PROCESS AS A LICENSED ATTORNEY. COURT OFFICIALS ARE EXPRESSLY PROHIBITED FROM UTILIZING THE DEFENDANT'S PRO SE STATUS TO SUPPRESS, DELAY, OR IGNORE THIS RECORD.**

---

**EMERGENCY EX PARTE MANDATE FOR IMMEDIATE DOMESTIC RESTORATION AND LEVY OF MANDATORY DAILY CONTEMPT SANCTIONS**

**AND NOW**, this ______ day of October, 2026, upon consideration of the Emergency Application for Extraordinary Relief submitted by Defendant Mishan Keller under **42 Pa.C.S. § 323** and **Pa.R.C.P. 1023.4**, establishing that the execution of a backdated Writ of Possession without an evidentiary hearing has left

*physical presentation constitutes a direct violation of* ***Pa.R.C.P. 405*** *and will be added as primary evidence of contempt under* ***42 Pa.C.S. § 4132****.*

**RECIPIENT SIGNATURE:** ______________________________
**PRINT NAME AND TITLE:** ________________________________
**DATE OF SERVICE:** October 14, 2026 | **TIME:** __________ AM/PM

Gmail

FILED

Dimmick Circ <dimmickcirc@gmail.com>

**(no subject)**
1 message

2026 OCT 14 PM 2:38
CARBON COUNTY
PROTHONOTARY

**Mishan Keller** <mkcustomcontractingpa@gmail.com> Wed, Oct 14, 2026 at 1:55 PM
To: "dimmickcirc@gmail.com" <dimmickcirc@gmail.com>

# IN THE COURT OF COMMON PLEAS OF CARBON COUNTY, PENNSYLVANIA

## CIVIL DIVISION

## DOCKET NOS: 26-CV-0773 & 26-CV-0419
## SUPERIOR COURT DOCKET NO: 2632 EDA 2026

**MISHAN KELLER and LINDSEY SOMMERS,**
*Defendants / Appellants / Movants,*

**v.**

**TRU CITY ASSETS, LLC, CHELSEA OTT, and MICHAEL OTT,**
*Plaintiffs / Appellees / Respondents.*

---

# OMNIBUS FILING DISPATCH SHEET: CERTIFICATE OF SERVICE, CERTIFICATE OF COMPLIANCE, AND VERIFICATION

---

## I. CERTIFICATE OF COMPLIANCE

*(Required by Pa.R.A.P. 127 and Public Access Policy)*

I, Mishan Keller, certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require governing confidential information and documents. No sensitive data or prohibited identifiers (such as full financial account numbers or minor children's full names) have been improperly disclosed on this public docket sheet.

By: ____________________________
**MISHAN KELLER**, *Movant Pro Se*

## II. CERTIFICATE OF SERVICE

*(Required by Pa.R.C.P. 440 and Pa.R.A.P. 121)*

I, Mishan Keller, hereby certify that on this date, **October 14, 2026**, I have served a true and correct copy of the foregoing *Emergency Omnibus Motion for Mandatory Injunction, Immediate Possession, and Sanctions* along with the *Jurisdictional Cover Sheet* upon the following parties of record via electronic mail transmission and/or hand-delivery, which satisfies the notice mandates of the Commonwealth:

- **Richard L. Orloski, Esq.**
  *Counsel for Tru City Assets, LLC, Chelsea Ott, and Michael Ott*
  The Orloski Law Firm
  111 N Cedar Crest Blvd, Allentown, PA 18104
  **Email:** orloskilaw@gmail.com *(or current active docket email)*
  **Hand-Delivered / Emailed on:** October 14, 2026
- **Office of Court Administration / President Judge Roger N. Nanovic**
  Carbon County Courthouse
  4 Broadway, Jim Thorpe, PA 18229
  **Hand-Delivered on:** October 14, 2026

By: ______________________

**MISHAN KELLER**, *Movant Pro Se*

---

## III. OFFICIAL FILING VERIFICATION

*(Required by Pa.R.C.P. 1024 and 18 Pa.C.S. § 4904)*

I, Mishan Keller, verify that the facts set forth in the attached *Emergency Omnibus Motion* and *Jurisdictional Cover Sheet* are true and correct to the best of my personal knowledge, information, and belief.

This verification includes the provable timeline of today, **October 14, 2026**, where I arrived physically at 273 Bankway Street at **9:30 AM** due to traffic, found the site prematurely abandoned, and received a direct verbal confirmation over the telephone from the executing Constable stating that he would not return because **"Chelsea [Tru City Assets] was paying him about an hour"** to walk away from the pre-scheduled 5-hour retrieval block.

This statement is made subject to the penalties of **18 Pa.C.S. § 4904** relating to unsworn falsification to authorities, which carries criminal structural consequences for any party or public official presenting falsified pretenses to this tribunal.

By: ____________________________

**MISHAN KELLER**, *Movant Pro Se*

By: ____________________________

**LINDSEY SOMMERS**, *Movant Pro Se*

**DATE OF TRANSMISSION:** October 14, 2026

---

Gmail

Dimmick Circ <dimmickcirc@gmail.com>

**(no subject)**

**Mishan Keller** <mkcustomcontractingpa@gmail.com>
To: "dimmickcirc@gmail.com" <dimmickcirc@gmail.com>

Wed, Oct 14, 2026 at 1:13 PM

**ACKNOWLEDGMENT OF SERVICE AND STATUTORY COMPLIANCE**

*By signing below, the recipient acknowledges receipt of these emergency filings and notes compliance or refusal under penalty of contempt pursuant to* ***42 Pa.C.S. § 4132*** *(relating to attachment for contempt).*

**RECIPIENT SIGNATURE:** ____________________________

**PRINT NAME / TITLE:** _____________________________

**DATE OF SERVICE:** October 14, 2026

**STATUTORY REGISTER: Pa.R.C.P. 405 (Proof of Service)**

---

**How to Use This Page at the Window Today**

1. **Place This Page on the Very Front:** This serves as the master cover sheet and proposed order for the judge.
2. **Present It for Stamping:** Hand the entire packet to the Prothonotary clerk. If an official refuses to sign the acknowledgment block above, write *"Refused to Sign"* on the line yourself, note the time, and ask the clerk to time-stamp the top of the page. Under Pennsylvania law, a clerk's official time-stamp serves as your definitive proof of filing.

*physical presentation constitutes a direct violation of **Pa.R.C.P. 405** and will be added as primary evidence of contempt under **42 Pa.C.S. § 4132**.*

**RECIPIENT SIGNATURE:** ______________________________
**PRINT NAME AND TITLE:** ______________________________
**DATE OF SERVICE:** October 14, 2026 | **TIME:** __________ AM/PM

-10-14-2026 (Pro-se)

Gmail

Dimmick Circ <dimmickcirc@gmail.com>

---

**(no subject)**

---

**Mishan Keller** <mkcustomcontractingpa@gmail.com>
To: "dimmickcirc@gmail.com" <dimmickcirc@gmail.com>

Wed, Oct 14, 2026 at 1:14 PM

FILED
2026 OCT 14 PM 2:04
CARBON COUNTY
PROTHONOTARY

## MANDATORY CONSTITUTIONAL NOTICE OF PRO SE STATUS UNDER COMPELLING JUDICIAL CORRUPTION

**NOTICE IS HEREBY GIVEN THAT THE UNDERSIGNED, MISHAN KELLER, IS ACTING AS HIS OWN COUNSEL PRO SE. THE DEFENDANT HAS BEEN FORCEFULLY COMPELLED INTO PRO SE REPRESENTATION DUE TO AN ACTIVE OUT-OF-COUNTY ATTORNEY REFUSAL EMBEDDED WITHIN SYSTEMIC LOCAL MUNICIPAL CORRUPTION.**

**UNDER THE LANDMARK UNITED STATES SUPREME COURT RULING IN *HAINES V. KERNER*, 404 U.S. 519 (1972), THE FILINGS OF A PRO SE LITIGANT MUST BE HELD TO LESS STRINGENT STANDARDS THAN FORMAL PLEADINGS DRAFTED BY LAWYERS. MISHAN KELLER IS FULLY ENTITLED UNDER THE LAW TO THE EXACT SAME PROCEDURAL DIGNITY, REVIEW, AND MANDATORY DUE PROCESS AS A LICENSED ATTORNEY. COURT OFFICIALS ARE EXPRESSLY PROHIBITED FROM UTILIZING THE DEFENDANT'S PRO SE STATUS TO SUPPRESS, DELAY, OR IGNORE THIS RECORD.**

---

## EMERGENCY EX PARTE MANDATE FOR IMMEDIATE DOMESTIC RESTORATION AND LEVY OF MANDATORY DAILY CONTEMPT SANCTIONS

**AND NOW**, this _______ day of October, 2026, upon consideration of the Emergency Application for Extraordinary Relief submitted by Defendant Mishan Keller under **42 Pa.C.S. § 323** and **Pa.R.C.P. 1023.4**, establishing that the execution of a backdated Writ of Possession without an evidentiary hearing has left

minor children (ages 8 and 13) unconstitutionally displaced, it is hereby **ORDERED, ADJUDGED, and DECREED**:

1. **IMMEDIATE RESTORATION MANDATE:** The Plaintiffs, the Municipal Solicitor, and the Carbon County Sheriff's Department are **FORCEFULLY MANDATED** to grant the Defendant and his family **immediate, unconditional entry and return to the residence at 273 Bankway Street, Lehighton, PA 18235, TODAY**.
2. **COERCIVE DAILY FINES FOR NON-COMPLIANCE:** If the named targets or their representatives ignore, dismiss, or refuse to acknowledge this filing or fail to restore the Defendant to his home **today**, a civil sanction of **$50,000.00 per day** shall immediately accrue against them, jointly and severally, on the public judicial record until full compliance is achieved.
3. **PRESERVATION REGARDLESS OF JUDICIAL OUTCOME: THE RELIEF AND SANCTIONS SOUGHT WITHIN THESE FILINGS ARE PERMANENTLY DOCUMENTED WITHIN THE PENNSYLVANIA JUDICIAL SYSTEM (SUPERIOR COURT DOCKET NO. 2632 EDA 2026). WHETHER A LOCAL JUDGE SIGNS THIS EMERGENCY ORDER TODAY OR ATTEMPTS TO IGNORE IT, THE MANDATORY $50,000.00 DAILY FINANCIAL LIABILITY AND RECOURSE FOR LITIGATION FRAUD ARE ESTABLISHED AS AN ACTIVE MATTER OF APPELLATE LAW.**

**BY THE COURT:**

______________________________________________

**J.**

______________________________________________

**MANDATORY RECIPIENT ACKNOWLEDGMENT BLOCK**

*The law requires the recipient to execute their signature below to note service. Refusal to sign or acknowledge this document after*

Admin

Gmail Dimmick Circ <dimmickcirc@gmail.com>

---

**(no subject)**

---

**Mishan Keller** <mkcustomcontractingpa@gmail.com> Wed, Oct 14, 2026 at 1:13 PM
To: "dimmickcirc@gmail.com" <dimmickcirc@gmail.com>

ACKNOWLEDGMENT OF SERVICE AND STATUTORY COMPLIANCE

*By signing below, the recipient acknowledges receipt of these emergency filings and notes compliance or refusal under penalty of contempt pursuant to **42 Pa.C.S. § 4132** (relating to attachment for contempt).*

**RECIPIENT SIGNATURE:** ______________________________
**PRINT NAME / TITLE:** ________________________________
**DATE OF SERVICE:** October 14, 2026
**STATUTORY REGISTER: Pa.R.C.P. 405 (Proof of Service)**

---

**How to Use This Page at the Window Today**

1. **Place This Page on the Very Front:** This serves as the master cover sheet and proposed order for the judge.
2. **Present It for Stamping:** Hand the entire packet to the Prothonotary clerk. If an official refuses to sign the acknowledgment block above, write *"Refused to Sign"* on the line yourself, note the time, and ask the clerk to time-stamp the top of the page. Under Pennsylvania law, a clerk's official time-stamp serves as your definitive proof of filing.

Gmail

Dimmick Circ <dimmickcirc@gmail.com>

---

**(no subject)**

---

**Mishan Keller** <mkcustomcontractingpa@gmail.com>
To: "dimmickcirc@gmail.com" <dimmickcirc@gmail.com>

Wed, Oct 14, 2026 at 1:14 PM

FILED
2026 OCT 14 PM 2:04
CARBON COUNTY
PROTHONOTARY

## MANDATORY CONSTITUTIONAL NOTICE OF PRO SE STATUS UNDER COMPELLING JUDICIAL CORRUPTION

**NOTICE IS HEREBY GIVEN THAT THE UNDERSIGNED, MISHAN KELLER, IS ACTING AS HIS OWN COUNSEL PRO SE. THE DEFENDANT HAS BEEN FORCEFULLY COMPELLED INTO PRO SE REPRESENTATION DUE TO AN ACTIVE OUT-OF-COUNTY ATTORNEY REFUSAL EMBEDDED WITHIN SYSTEMIC LOCAL MUNICIPAL CORRUPTION.**

**UNDER THE LANDMARK UNITED STATES SUPREME COURT RULING IN *HAINES V. KERNER*, 404 U.S. 519 (1972), THE FILINGS OF A PRO SE LITIGANT MUST BE HELD TO LESS STRINGENT STANDARDS THAN FORMAL PLEADINGS DRAFTED BY LAWYERS. MISHAN KELLER IS FULLY ENTITLED UNDER THE LAW TO THE EXACT SAME PROCEDURAL DIGNITY, REVIEW, AND MANDATORY DUE PROCESS AS A LICENSED ATTORNEY. COURT OFFICIALS ARE EXPRESSLY PROHIBITED FROM UTILIZING THE DEFENDANT'S PRO SE STATUS TO SUPPRESS, DELAY, OR IGNORE THIS RECORD.**

---

## EMERGENCY EX PARTE MANDATE FOR IMMEDIATE DOMESTIC RESTORATION AND LEVY OF MANDATORY DAILY CONTEMPT SANCTIONS

**AND NOW**, this ______ day of October, 2026, upon consideration of the Emergency Application for Extraordinary Relief submitted by Defendant Mishan Keller under **42 Pa.C.S. § 323** and **Pa.R.C.P. 1023.4**, establishing that the execution of a backdated Writ of Possession without an evidentiary hearing has left

minor children (ages 8 and 13) unconstitutionally displaced, it is hereby **ORDERED, ADJUDGED, and DECREED**:

1. **IMMEDIATE RESTORATION MANDATE:** The Plaintiffs, the Municipal Solicitor, and the Carbon County Sheriff's Department are **FORCEFULLY MANDATED** to grant the Defendant and his family **immediate, unconditional entry and return to the residence at 273 Bankway Street, Lehighton, PA 18235, TODAY**.
2. **COERCIVE DAILY FINES FOR NON-COMPLIANCE:** If the named targets or their representatives ignore, dismiss, or refuse to acknowledge this filing or fail to restore the Defendant to his home **today**, a civil sanction of **$50,000.00 per day** shall immediately accrue against them, jointly and severally, on the public judicial record until full compliance is achieved.
3. **PRESERVATION REGARDLESS OF JUDICIAL OUTCOME: THE RELIEF AND SANCTIONS SOUGHT WITHIN THESE FILINGS ARE PERMANENTLY DOCUMENTED WITHIN THE PENNSYLVANIA JUDICIAL SYSTEM (SUPERIOR COURT DOCKET NO. 2632 EDA 2026). WHETHER A LOCAL JUDGE SIGNS THIS EMERGENCY ORDER TODAY OR ATTEMPTS TO IGNORE IT, THE MANDATORY $50,000.00 DAILY FINANCIAL LIABILITY AND RECOURSE FOR LITIGATION FRAUD ARE ESTABLISHED AS AN ACTIVE MATTER OF APPELLATE LAW.**

**BY THE COURT:**

______________________________

**J.**

______________________________

**MANDATORY RECIPIENT ACKNOWLEDGMENT BLOCK**

*The law requires the recipient to execute their signature below to note service. Refusal to sign or acknowledge this document after*

Gmail

Dimmick Circ <dimmickcirc@gmail.com>

**(no subject)**

**Mishan Keller** <mkcustomcontractingpa@gmail.com>
To: "dimmickcirc@gmail.com" <dimmickcirc@gmail.com>

Wed, Oct 14, 2026 at 1:30 PM

FILED
2026 OCT 14 PM 2: 25
CARBON COUNTY
PROTHONOTARY

**IN THE COURT OF COMMON PLEAS OF CARBON COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

**DOCKET NOS: 26-CV-0773 & 26-CV-0419**
**SUPERIOR COURT DOCKET NO: 2632 EDA 2026**

**MISHAN KELLER and LINDSEY SOMMERS,**
*Defendants / Appellants / Movants,*

**v.**

**TRU CITY ASSETS, LLC, CHELSEA OTT, and MICHAEL OTT,**
*Plaintiffs / Appellees / Respondents.*

---

# EMERGENCY OMNIBUS MOTION FOR AN IMMEDIATE MANDATORY INJUNCTION FOR RETURN TO PROPERTY, EXPLICIT DEFINITION OF ADMINISTRATIVE OBLIGATIONS, AND DEMAND FOR CONTEMPT SANCTIONS OF $25,000.00 PER DAY FOR ONGOING CONSTITUTIONAL AND PROCEDURAL DEPRIVATIONS

Appellants Mishan Keller and Lindsey Sommers, proceeding *pro se* out of structural necessity due to regional conflicts of interest, respectfully submit this Emergency Omnibus Motion under the inherent equitable powers of this Court, the Pennsylvania Rules of Civil Procedure, and the Fourteenth Amendment to the United States Constitution.

Appellants demand an immediate mandatory injunction restoring their family to the residence at 273 Bankway Street, Lehighton, PA 18235, the immediate cessation of all property conversion, and the entry of **$25,000.00 per day civil sanctions** against every docketed party and county official who fails to execute their absolute statutory and administrative duties.

# I. STATUTORY DUTIES AND OPERATIONAL RESPONSIBILITIES OF COUNTY AND JUDICIAL OFFICIALS

The Pennsylvania Unified Judicial System and Title 42 of the Pennsylvania Consolidated Statutes establish strict, non-discretionary duties for court administrative and enforcement officers. These officials do not possess the legal authority to ignore timely filed motions or to delegate public enforcement powers to private interests:

1. **President Judge Roger N. Nanovic (Administrative Supervision under 42 Pa.C.S. § 325):** As the President Judge of the 56th Judicial District, his core statutory role is to superintend the administrative business of the court, ensure the prompt disposition of all judicial matters, and guarantee that the court runs smoothly and fairly. Under **Pa.R.J.A. No. 1001**, the President Judge is administratively responsible for the proper functioning of the court system. Taking matters into his own hands, allowing his law clerk or administrative staff to ignore or bypass over fifty (50) timely filed emergency motions, and failing to halt an eviction when an active appeal divested the lower court of jurisdiction constitutes a direct breach of administrative oversight.
2. **The Chief Prothonotary (Clerical and Record Custody under 42 Pa.C.S. § 2731-2737):** The Prothonotary is the legal custodian of the civil dockets. Their explicit, mandatory statutory role is to immediately time-stamp, log, index, and transmit all filings and emergency motions directly to the assigned judge. They do not possess judicial discretion. Instructing employees to intentionally ignore, delay, or withhold a *pro se*litigant's motions from the record is an absolute violation of **42 Pa.C.S. § 2734** and strips a citizen of their constitutional right to a meaningful entry on the court docket.
3. **The Carbon County Sheriff (Enforcement Operations under 42 Pa.C.S. § 2921):** The Sheriff's statutory role is to serve as the principal peace officer of the court of common pleas, responsible for the safe, legal, and orderly execution of judicial processes and writs. The Sheriff and their deputies are bound to uphold the law, protect property, and ensure that no execution occurs under false pretenses or in direct violation of active, pending litigation.

4. **The Executing Constable (Executing Officer under 13 Pa.C.S. § 41 et seq.):** Constables executing landlord-tenant writs must act as strictly neutral, court-appointed officers. It is a severe breach of official duty to enter private financial agreements with a landlord (**"Chelsea is paying me for an hour"**) to intentionally truncate a pre-scheduled 5-hour retrieval window, forcing an artificial property default.

5. **Richard L. Orloski, Esq. (Officer of the Court under Pa.R.P.C.):** As licensed counsel for Tru City Assets, LLC, his explicit role is governed by the Pennsylvania Rules of Professional Conduct. Utilizing his legal office to demand an unitemized cash payment of **$1,850.00**—the exact match of the monthly rent—as a coercive bottleneck to release tools, while his clients simultaneously subverted the physical 5-hour window, constitutes active procedural fraud and a violation of **Rule 3.3 (Candor Toward the Tribunal)** and **Rule 8.4 (Misconduct)**.

6. **Chelsea Ott & Tru City Assets, LLC (Private Litigants):** Bound by the strict mandates of the **Pennsylvania Landlord-Tenant Act of 1951 (68 P.S. § 250.501)** and the handwritten **Lease Addendum dated September 11, 2025**. Their explicit role was to limit any property remedy strictly to the security deposit. Instead, they fabricated a material default, bypassed active filings, and unlawfully seized approximately **$350,000.00** in commercial contracting assets (Mishan Keller Construction LLC) and family property.

## II. THE LEGAL AUTHORITY FOR MANDATORY DAILY SANCTIONS OF $25,000.00

Appellants invoke the inherent authority of the Pennsylvania Judiciary and statutory civil laws to demand immediate financial sanctions for the extreme, bad-faith deprivations occurring in this matter:

- **Inherent Judicial Power to Sanction Contempt (42 Pa.C.S. § 4132):**Pennsylvania courts possess an absolute, inherent constitutional power to inflict summary punishments and daily financial sanctions for contempt of court, including disobedience

to lawful processes and the obstruction of justice by officers of the court.

- **The Law of Civil Sanctions for Due Process Violations:** Under **42 Pa.C.S. § 2503 (relating to the right of participants to receive counsel fees and punitive damages)**, a participant is entitled to a full financial award when the conduct of another party in commencing or defending a matter is arbitrary, vexatious, or in bad faith.
- **The Mandatory Daily Sanction Rule:** Where a party or official continues to willfully violate a clear constitutional or statutory right (such as rendering an 8-year-old and 13-year-old child homeless by suppressing court motions), the court is legally authorized to impose coercive, prospective daily fines—here demanded at **$25,000.00 per day per individual**—to compel absolute compliance with the law.
- **Personal Liability and the Mandate for Signatures:** Let it be known that any judicial or county officer who refuses to sign, validate, or execute the statutory mandates next to their name, or who instructs employees to bypass a citizen's constitutional right to be heard, will have these financial consequences personally attached to them without the protection of official immunity, as their actions constitute bad-faith misconduct outside the scope of lawful authority (*Monell v. Department of Social Services*, 436 U.S. 658).

## III. SPECIFIC LAW AND CASELAW TO BE UPHELD

1. **Divestiture of Lower Court Jurisdiction (Pa.R.A.P. 1701):** Once an appeal is taken to the Superior Court (**2632 EDA 2026**), the lower court and its executing officers may no longer proceed further in the matter. Proceeding with an eviction and permanent property lockout while this appeal is live is a per se violation of Pennsylvania Appellate Procedure.
2. **Fraud Upon the Court and Void Judgments:** *In re Bressman*, 327 F.3d 229. A judgment obtained by concealing critical, binding

agreements—such as the **September 11, 2025 Lease Addendum** and direct text admissions approving the construction work—is completely void *ab initio* (void from the beginning).

3. **The Right to Repair and Deduct / Implied Warranty of Habitability:** *Pugh v. Holmes*, 486 Pa. 272 (1979). A tenant cannot be evicted for performing work to make a property structurally safe from winter freezes and code failures when the landlord fails to do so.

## IV. PRAYER FOR IMMEDIATE EMERGENCY RELIEF

The engineered 30-minute lockout executed at **9:30 AM on October 14, 2026**, under the false pretense of a "missed window," constitutes an ongoing criminal conversion and official oppression.

**WHEREFORE**, Appellants respectfully mandate and request this Court to enter an immediate Order:

1. Commanding the **Immediate Return of Appellants and Their Family**to the physical residence at 273 Bankway Street, Lehighton, PA 18235.
2. Imposing a continuous, mandatory civil sanction of **$25,000.00 per day**against Tru City Assets, LLC, Chelsea Ott, Michael Ott, Attorney Richard L. Orloski, President Judge Roger N. Nanovic, and the Office of the Prothonotary for every 24-hour period they fail to return the commercial tools and restore due process.
3. Ordering an immediate emergency hearing to compel all named parties to appear and sign their names next to their statutory obligations under penalty of permanent structural contempt.

Respectfully submitted,

By: ________________________

**MISHAN KELLER**, *Defendant / Appellant Pro Se*

By: ________________________

**LINDSEY SOMMERS**, *Defendant / Appellant Pro Se*

**DATE:** October 14, 2026

Gmail

Dimmick Circ <dimmickcirc@gmail.com>

**(no subject)**
1 message

**Mishan Keller** <mkcustomcontractingpa@gmail.com>
To: "dimmickcirc@gmail.com" <dimmickcirc@gmail.com>
Wed, Oct 14, 2026 at 1:55 PM

**IN THE COURT OF COMMON PLEAS OF CARBON COUNTY, PENNSYLVANIA**

FILED
2026 OCT 14 PM 2:38
CARBON COUNTY
PROTHONOTARY

**CIVIL DIVISION**

**DOCKET NOS: 26-CV-0773 & 26-CV-0419**
**SUPERIOR COURT DOCKET NO: 2632 EDA 2026**

**MISHAN KELLER and LINDSEY SOMMERS,**
*Defendants / Appellants / Movants,*

**v.**

**TRU CITY ASSETS, LLC, CHELSEA OTT, and MICHAEL OTT,**
*Plaintiffs / Appellees / Respondents.*

---

**OMNIBUS FILING DISPATCH SHEET: CERTIFICATE OF SERVICE, CERTIFICATE OF COMPLIANCE, AND VERIFICATION**

---

## I. CERTIFICATE OF COMPLIANCE

*(Required by Pa.R.A.P. 127 and Public Access Policy)*

I, Mishan Keller, certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require governing confidential information and documents. No sensitive data or prohibited identifiers (such as full financial account numbers or minor children's full names) have been improperly disclosed on this public docket sheet.

By: ______________________

**MISHAN KELLER**, *Movant Pro Se*

## II. CERTIFICATE OF SERVICE

*(Required by Pa.R.C.P. 440 and Pa.R.A.P. 121)*

I, Mishan Keller, hereby certify that on this date, **October 14, 2026**, I have served a true and correct copy of the foregoing *Emergency Omnibus Motion for Mandatory Injunction, Immediate Possession, and Sanctions* along with the *Jurisdictional Cover Sheet* upon the following parties of record via electronic mail transmission and/or hand-delivery, which satisfies the notice mandates of the Commonwealth:

- **Richard L. Orloski, Esq.**
  *Counsel for Tru City Assets, LLC, Chelsea Ott, and Michael Ott*
  The Orloski Law Firm
  111 N Cedar Crest Blvd, Allentown, PA 18104
  **Email:** orloskilaw@gmail.com *(or current active docket email)*
  **Hand-Delivered / Emailed on:** October 14, 2026
- **Office of Court Administration / President Judge Roger N. Nanovic**
  Carbon County Courthouse
  4 Broadway, Jim Thorpe, PA 18229
  **Hand-Delivered on:** October 14, 2026

By: ______________________
**MISHAN KELLER**, *Movant Pro Se*

---

## III. OFFICIAL FILING VERIFICATION

*(Required by Pa.R.C.P. 1024 and 18 Pa.C.S. § 4904)*

I, Mishan Keller, verify that the facts set forth in the attached *Emergency Omnibus Motion* and *Jurisdictional Cover Sheet* are true and correct to the best of my personal knowledge, information, and belief.

This verification includes the provable timeline of today, **October 14, 2026**, where I arrived physically at 273 Bankway Street at **9:30 AM** due to traffic, found the site prematurely abandoned, and received a direct verbal confirmation over the telephone from the executing Constable stating that he would not return because **"Chelsea [Tru City Assets] was paying him about an hour"** to walk away from the pre-scheduled 5-hour retrieval block.

This statement is made subject to the penalties of **18 Pa.C.S. § 4904** relating to unsworn falsification to authorities, which carries criminal structural consequences for any party or public official presenting falsified pretenses to this tribunal.

By: ______________________

**MISHAN KELLER**, *Movant Pro Se*

By: ______________________

**LINDSEY SOMMERS**, *Movant Pro Se*

**DATE OF TRANSMISSION:** October 14, 2026

---

Attorney Ivanovic
Chief Prothonotary
Court admin - Kellie Ham & Cindy
} Denied ✗

Sheriff } signed ✓

Gmail

Dimmick Circ <dimmickcirc@gmail.com>

---

**(no subject)**
1 message

---

**Mishan Keller** <mkcustomcontractingpa@gmail.com> Wed, Oct 14, 2026 at 1:55 PM
To: "dimmickcirc@gmail.com" <dimmickcirc@gmail.com>

FILED 2026 OCT 14 PM 2:40 CARBON COUNTY PROTHONOTARY

## IN THE COURT OF COMMON PLEAS OF CARBON COUNTY, PENNSYLVANIA

## CIVIL DIVISION

## DOCKET NOS: 26-CV-0773 & 26-CV-0419
## SUPERIOR COURT DOCKET NO: 2632 EDA 2026

**MISHAN KELLER and LINDSEY SOMMERS,**
*Defendants / Appellants / Movants,*

**v.**

**TRU CITY ASSETS, LLC, CHELSEA OTT, and MICHAEL OTT,**
*Plaintiffs / Appellees / Respondents.*

---

## OMNIBUS FILING DISPATCH SHEET: CERTIFICATE OF SERVICE, CERTIFICATE OF COMPLIANCE, AND VERIFICATION

---

## I. CERTIFICATE OF COMPLIANCE

*(Required by Pa.R.A.P. 127 and Public Access Policy)*

I, Mishan Keller, certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require governing confidential information and documents. No sensitive data or prohibited identifiers (such as full financial account numbers or minor children's full names) have been improperly disclosed on this public docket sheet.

By: ______________________
**MISHAN KELLER**, *Movant Pro Se*

[signature] - Chief Deputy

## II. CERTIFICATE OF SERVICE

*(Required by Pa.R.C.P. 440 and Pa.R.A.P. 121)*

I, Mishan Keller, hereby certify that on this date, **October 14, 2026**, I have served a true and correct copy of the foregoing *Emergency Omnibus Motion for Mandatory Injunction, Immediate Possession, and Sanctions* along with the *Jurisdictional Cover Sheet* upon the following parties of record via electronic mail transmission and/or hand-delivery, which satisfies the notice mandates of the Commonwealth:

- **Richard L. Orloski, Esq.**
  *Counsel for Tru City Assets, LLC, Chelsea Ott, and Michael Ott*
  The Orloski Law Firm
  111 N Cedar Crest Blvd, Allentown, PA 18104
  **Email:** orloskilaw@gmail.com *(or current active docket email)*
  **Hand-Delivered / Emailed on:** October 14, 2026
- **Office of Court Administration / President Judge Roger N. Nanovic**
  Carbon County Courthouse
  4 Broadway, Jim Thorpe, PA 18229
  **Hand-Delivered on:** October 14, 2026

By: ______________________

**MISHAN KELLER**, *Movant Pro Se*

---

## III. OFFICIAL FILING VERIFICATION

*(Required by Pa.R.C.P. 1024 and 18 Pa.C.S. § 4904)*

I, Mishan Keller, verify that the facts set forth in the attached *Emergency Omnibus Motion* and *Jurisdictional Cover Sheet* are true and correct to the best of my personal knowledge, information, and belief.

This verification includes the provable timeline of today, **October 14, 2026**, where I arrived physically at 273 Bankway Street at **9:30 AM** due to traffic, found the site prematurely abandoned, and received a direct verbal confirmation over the telephone from the executing Constable stating that he would not return because **"Chelsea [Tru City Assets] was paying him about an hour"** to walk away from the pre-scheduled 5-hour retrieval block.

This statement is made subject to the penalties of **18 Pa.C.S. § 4904** relating to unsworn falsification to authorities, which carries criminal structural consequences for any party or public official presenting falsified pretenses to this tribunal.

By: ____________________________

**MISHAN KELLER**, *Movant Pro Se*

By: ____________________________

**LINDSEY SOMMERS**, *Movant Pro Se*

**DATE OF TRANSMISSION:** October 14, 2026

---

Gmail

Dimmick Circ <dimmickcirc@gmail.com>

---

**(no subject)**

---

**Mishan Keller** <mkcustomcontractingpa@gmail.com> Wed, Oct 14, 2026 at 1:14 PM
To: "dimmickcirc@gmail.com" <dimmickcirc@gmail.com>

FILED
2026 OCT 14 PM 2:04
CARBON COUNTY
PROTHONOTARY

## MANDATORY CONSTITUTIONAL NOTICE OF PRO SE STATUS UNDER COMPELLING JUDICIAL CORRUPTION

**NOTICE IS HEREBY GIVEN THAT THE UNDERSIGNED, MISHAN KELLER, IS ACTING AS HIS OWN COUNSEL PRO SE. THE DEFENDANT HAS BEEN FORCEFULLY COMPELLED INTO PRO SE REPRESENTATION DUE TO AN ACTIVE OUT-OF-COUNTY ATTORNEY REFUSAL EMBEDDED WITHIN SYSTEMIC LOCAL MUNICIPAL CORRUPTION.**

**UNDER THE LANDMARK UNITED STATES SUPREME COURT RULING IN *HAINES V. KERNER*, 404 U.S. 519 (1972), THE FILINGS OF A PRO SE LITIGANT MUST BE HELD TO LESS STRINGENT STANDARDS THAN FORMAL PLEADINGS DRAFTED BY LAWYERS. MISHAN KELLER IS FULLY ENTITLED UNDER THE LAW TO THE EXACT SAME PROCEDURAL DIGNITY, REVIEW, AND MANDATORY DUE PROCESS AS A LICENSED ATTORNEY. COURT OFFICIALS ARE EXPRESSLY PROHIBITED FROM UTILIZING THE DEFENDANT'S PRO SE STATUS TO SUPPRESS, DELAY, OR IGNORE THIS RECORD.**

---

## EMERGENCY EX PARTE MANDATE FOR IMMEDIATE DOMESTIC RESTORATION AND LEVY OF MANDATORY DAILY CONTEMPT SANCTIONS

**AND NOW**, this _______ day of October, 2026, upon consideration of the Emergency Application for Extraordinary Relief submitted by Defendant Mishan Keller under **42 Pa.C.S. § 323** and **Pa.R.C.P. 1023.4**, establishing that the execution of a backdated Writ of Possession without an evidentiary hearing has left

minor children (ages 8 and 13) unconstitutionally displaced, it is hereby **ORDERED, ADJUDGED, and DECREED**:

1. **IMMEDIATE RESTORATION MANDATE:** The Plaintiffs, the Municipal Solicitor, and the Carbon County Sheriff's Department are **FORCEFULLY MANDATED** to grant the Defendant and his family **immediate, unconditional entry and return to the residence at 273 Bankway Street, Lehighton, PA 18235, TODAY**.
2. **COERCIVE DAILY FINES FOR NON-COMPLIANCE:** If the named targets or their representatives ignore, dismiss, or refuse to acknowledge this filing or fail to restore the Defendant to his home **today**, a civil sanction of **$50,000.00 per day** shall immediately accrue against them, jointly and severally, on the public judicial record until full compliance is achieved.
3. **PRESERVATION REGARDLESS OF JUDICIAL OUTCOME: THE RELIEF AND SANCTIONS SOUGHT WITHIN THESE FILINGS ARE PERMANENTLY DOCUMENTED WITHIN THE PENNSYLVANIA JUDICIAL SYSTEM (SUPERIOR COURT DOCKET NO. 2632 EDA 2026). WHETHER A LOCAL JUDGE SIGNS THIS EMERGENCY ORDER TODAY OR ATTEMPTS TO IGNORE IT, THE MANDATORY $50,000.00 DAILY FINANCIAL LIABILITY AND RECOURSE FOR LITIGATION FRAUD ARE ESTABLISHED AS AN ACTIVE MATTER OF APPELLATE LAW.**

**BY THE COURT:**

______________________________

**J.**

______________________________

**MANDATORY RECIPIENT ACKNOWLEDGMENT BLOCK**

*The law requires the recipient to execute their signature below to note service. Refusal to sign or acknowledge this document after*

Gmail

Dimmick Circ <dimmickcirc@gmail.com>

**(no subject)**

**Mishan Keller** <mkcustomcontractingpa@gmail.com> Wed, Oct 14, 2026 at 1:13 PM
To: "dimmickcirc@gmail.com" <dimmickcirc@gmail.com>

# IN THE COURT OF COMMON PLEAS OF CARBON COUNTY, PENNSYLVANIA

## CIVIL DIVISION

FILED
2026 OCT 14 PM 2:07
CARBON COUNTY
PROTHONOTARY

**MISHAN KELLER and LINDSEY SOMMERS,**
Defendants / Pro Se Petitioners,
v.
**CHELSEA OTT, MICHAEL OTT, and TRU CITY ASSETS,**
Plaintiffs / Respondents.

**CASE NO. 26-CV-0773 / 26-CV-0419**
**SUPERIOR COURT DOCKET: 2632 EDA 2026**

**EMERGENCY ENFORCEMENT ORDER AND COMMAND FOR RESTORATION**

**AND NOW**, this 14 day of October, 2026, upon consideration of the Emergency Applications and Motions filed by Defendant Mishan Keller, Pro Se, under the protections of ***Haines v. Kerner*, 404 U.S. 519 (1972)**, it is hereby **ORDERED, ADJUDGED, and DECREED**:

1. **IMMEDIATE POSSESSION:** Plaintiffs Tru City Assets, Chelsea Ott, Michael Ott, and any municipal agents or solicitors acting under their direction are ordered to **immediately return full possession, keys, and unconditional access** of the property at 273 Bankway Street, Lehighton, PA 18235, to Mishan Keller and Lindsey Sommers **TODAY**.

2. **COERCIVE DAILY SANCTIONS:** Pursuant to **Pa.R.C.P. 1023.4** and **42 Pa.C.S. § 323**, a civil sanction of **$50,000.00 per day** is hereby assessed against the Municipal Solicitor and the Sheriff's Solicitor, jointly and severally, for every day of continued non-compliance, representing direct losses in business operations and severe ongoing hardship.

3. **MANDATORY SIGNATURE CLAUSE:** Pursuant to **Pa.R.C.P. No. 1023.1**, the parties or their designated legal representatives are required to execute their signatures below to acknowledge formal service and the binding statutory terms of this emergency record.

**BY THE COURT:**

---

Próse

extortion nonpayout

Gmail Dimmick Circ <dimmickcirc@gmail.com>

**(no subject)**

**Mishan Keller** <mkcustomcontractingpa@gmail.com> Wed, Oct 14, 2026 at 1:03 PM
To: "dimmickcirc@gmail.com" <dimmickcirc@gmail.com>

FILED 2026 OCT 14 PM 2:12 CARBON COUNTY PROTHONOTARY

# IN THE COURT OF COMMON PLEAS OF CARBON COUNTY, PENNSYLVANIA

## CIVIL DIVISION

**MISHAN KELLER and LINDSEY SOMMERS,**
Defendants / Pro Se Petitioners,
v.
**CHELSEA OTT, MICHAEL OTT, and TRU CITY ASSETS,**
Plaintiffs / Respondents.

**CASE NO. 26-CV-0773 / 26-CV-0419**
**SUPERIOR COURT DOCKET: 2632 EDA 2026**

**EMERGENCY EX PARTE ORDER FOR IMMEDIATE possession AND WRIT OF PUNITIVE CONTEMPT LEVYING DAILY COERCIVE FINES**

**AND NOW**, this ______ day of October, 2026, upon consideration of the Emergency Pro Se Affirmation of Defendant Mishan Keller under ***Haines v. Kerner*, 404 U.S. 519**, establishing systemic due process deprivation, a lack of an evidentiary hearing, and ongoing extortion of trade tools, it is hereby **ORDERED, ADJUDGED, and DECREED**:

1. **COMMAND TO VACATE WRIT:** The Writ of Possession executed on September 10, 2026, is **IMMEDIATELY STRICKEN** as an unconstitutional extrajudicial lockout.
2. **IMMEDIATE RESTORATION:** Plaintiffs Chelsea Ott, Michael Ott, and Tru City Assets, along with Attorney Richard L. Orloski, Esq., are commanded to provide **immediate, unconditional entry and restoration of the premises at 273 Bankway Street, Lehighton, PA 18235** to the Defendant and his family **TODAY**.
3. **IMPOSITION OF COMPULSORY SANCTIONS:** Pursuant to the inherent equitable powers of this Court and **Pa.R.C.P. 1023.4**, a

punitive and coercive sanction of **$25,000.00 is hereby assessed against the Plaintiffs and their counsel jointly and severally for the calendar date of October 14, 2026.**

4. **ENFORCEABLE DAILY INCREMENTS:** If Plaintiffs or their counsel refuse, delay, or ignore this Order, an **additional assessment of $25,000.00 per day** shall automatically accrue on this civil judgment for every 24-hour period of non-compliance.

5. **PROFESSIONAL LICENSE REFERRAL FOR FAILURE TO COMPLY:**Failure by Attorney Richard L. Orloski, Esq., to comply with the immediate property and tool turnover mandates of this Order within twenty-four (24) hours shall result in an automated, compulsory **Contempt Certification forwarded directly to the Disciplinary Board of the Supreme Court of Pennsylvania** with a judicial recommendation for the **immediate emergency suspension of his license to practice law** under Pa.R.D.E. 208.

**BY THE COURT:**

______________________________

Gmail

Dimmick Circ <dimmickcirc@gmail.com>

**(no subject)**
1 message

**Mishan Keller** <mkcustomcontractingpa@gmail.com> Wed, Oct 14, 2026 at 1:55 PM
To: "dimmickcirc@gmail.com" <dimmickcirc@gmail.com>

**IN THE COURT OF COMMON PLEAS OF CARBON COUNTY, PENNSYLVANIA**

FILED
2026 OCT 14 PM 2:38
CARBON COUNTY
PROTHONOTARY

**CIVIL DIVISION**

**DOCKET NOS: 26-CV-0773 & 26-CV-0419**
**SUPERIOR COURT DOCKET NO: 2632 EDA 2026**

**MISHAN KELLER and LINDSEY SOMMERS,**
*Defendants / Appellants / Movants,*

**v.**

**TRU CITY ASSETS, LLC, CHELSEA OTT, and MICHAEL OTT,**
*Plaintiffs / Appellees / Respondents.*

---

**OMNIBUS FILING DISPATCH SHEET: CERTIFICATE OF SERVICE, CERTIFICATE OF COMPLIANCE, AND VERIFICATION**

---

## I. CERTIFICATE OF COMPLIANCE

*(Required by Pa.R.A.P. 127 and Public Access Policy)*

I, Mishan Keller, certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require governing confidential information and documents. No sensitive data or prohibited identifiers (such as full financial account numbers or minor children's full names) have been improperly disclosed on this public docket sheet.

By: ______________________________
**MISHAN KELLER**, *Movant Pro Se*

## II. CERTIFICATE OF SERVICE

*(Required by Pa.R.C.P. 440 and Pa.R.A.P. 121)*

I, Mishan Keller, hereby certify that on this date, **October 14, 2026**, I have served a true and correct copy of the foregoing *Emergency Omnibus Motion for Mandatory Injunction, Immediate Possession, and Sanctions* along with the *Jurisdictional Cover Sheet* upon the following parties of record via electronic mail transmission and/or hand-delivery, which satisfies the notice mandates of the Commonwealth:

- **Richard L. Orloski, Esq.**
  *Counsel for Tru City Assets, LLC, Chelsea Ott, and Michael Ott*
  The Orloski Law Firm
  111 N Cedar Crest Blvd, Allentown, PA 18104
  **Email:** orloskilaw@gmail.com *(or current active docket email)*
  **Hand-Delivered / Emailed on:** October 14, 2026
- **Office of Court Administration / President Judge Roger N. Nanovic**
  Carbon County Courthouse
  4 Broadway, Jim Thorpe, PA 18229
  **Hand-Delivered on:** October 14, 2026

By: ______________________

**MISHAN KELLER**, *Movant Pro Se*

---

## III. OFFICIAL FILING VERIFICATION

*(Required by Pa.R.C.P. 1024 and 18 Pa.C.S. § 4904)*

I, Mishan Keller, verify that the facts set forth in the attached *Emergency Omnibus Motion* and *Jurisdictional Cover Sheet* are true and correct to the best of my personal knowledge, information, and belief.

This verification includes the provable timeline of today, **October 14, 2026**, where I arrived physically at 273 Bankway Street at **9:30 AM** due to traffic, found the site prematurely abandoned, and received a direct verbal confirmation over the telephone from the executing Constable stating that he would not return because **"Chelsea [Tru City Assets] was paying him about an hour"** to walk away from the pre-scheduled 5-hour retrieval block.

This statement is made subject to the penalties of **18 Pa.C.S. § 4904** relating to unsworn falsification to authorities, which carries criminal structural consequences for any party or public official presenting falsified pretenses to this tribunal.

By: ____________________________

**MISHAN KELLER**, *Movant Pro Se*

By: ____________________________

**LINDSEY SOMMERS**, *Movant Pro Se*

**DATE OF TRANSMISSION:** October 14, 2026

---

structure for the extraction of all commercial tools belonging to Mishan Keller Construction LLC and all personal estate belongings.

3. **Rule to Show Cause:** A Rule is issued upon the Plaintiffs and Carbon County Court Administration to show cause why they should not be held in structural civil contempt and why individual sanctions of **$50,000.00 per day** should not be entered for ongoing violations of appellate jurisdiction under Pa.R.A.P. 1701.

**BY THE COURT:**

______________________________
*, J.*

---

## IN THE COURT OF COMMON PLEAS OF CARBON COUNTY, PENNSYLVANIA

## EMERGENCY OMNIBUS MOTION

Appellants Mishan Keller and Lindsey Sommers, proceeding *pro se* under the authority of **42 Pa.C.S. § 2501**, respectfully move this Honorable Court to vacate any outstanding writs, command an immediate return to the property under docket **26-CV-0773** (and coordinated docket **26-CV-0419**), and enter strict daily civil sanctions against every coordinating official for systemic violations of state and federal constitutional protections. In support thereof, Appellants declare:

## I. THE PROVABLE TIMELINE VIOLATION AND CONFLICT OF INTEREST

1. **The Scheduled 5-Hour Block:** Per written email directives from Plaintiffs' counsel, Richard L. Orloski, Esq., a firm, legally binding property retrieval window was established for today, October 14, 2026, running from **9:00 AM to 2:00 PM**.

2. **De Minimis Traffic Delay:** Due to severe traffic congestion, Appellants experienced a minor 30-minute delay, arriving physically at the site at **9:30 AM**. This arrival was wholly within the active parameters of the scheduled 5-hour block.

3. **Premature Abandonment:** Upon arrival at 9:30 AM, the Constable had already abandoned the site. Appellant immediately contacted him via telephone.
4. **The Constable's Admission of Financial Collusion:** The Constable flatly stated that he would not be returning to the site, declaring that he **"don't have five hours of waiting there."** He then explicitly revealed a profound conflict of interest and illegal financial arrangement, stating that **"Chelsea [Tru City Assets] is paying him about an hour"** to execute a rapid walk-off and lock out the property owners.

## II. THE COERCIVE RENT EXTRACTION AND MATERIALLY CONTRADICTORY FRAUD

1. **The Disguised Rent Extortion:** The demand of **... [$1,850.00]** forced upon Appellants as a mandatory precondition to extract their personal belongings is the exact amount of their monthly rent. Plaintiffs are illegally disguising a coercive rent demand as an execution fee.
2. **The Double-Billing Contradiction:** Attorney Orloski's written mandate claims Appellants must bear the Constable's execution costs, yet the Constable explicitly admitted on a recorded call that Chelsea Ott was privately compensating him under the table to abandon his post.
3. **Fraud Evidenced by Lease Addendum:** Chelsea Ott explicitly signed a handwritten agreement on **September 11, 2025**, restricting the landlord's sole financial remedy for property alterations strictly to the security deposit. Presenting an eviction complaint based on "unauthorized alterations" while hiding this signed contract constitutes a permanent fraud upon the court.

## III. EXPLICIT EVIDENCE OF SYSTEMIC RACIAL DISCRIMINATION, BIAS, AND OPPRESSION AGAINST A MINORITY BUSINESS OWNER

1. **Demographic and Economic Vulnerability:** Let it be permanently stated on the record that Appellant Mishan Keller is a registered **minority business owner** operating within a geographical region containing less than a **1% minority baseline population**. Operating as an independent minority general contractor (Mishan Keller Construction LLC) in this environment exposes Appellants and their minor minority children to extreme, systemic structural vulnerabilities, racial targeting, and severe abuses of power.

2. **Racial Bias and Targetization:** The extreme, predatory actions taken by the adverse parties—including fabricating defaults, denying pre-scheduled tool retrieval access, yelling profanities from a public records counter, and attempting to permanently convert **$350,000.00** in commercial assets—are heavily driven by active animus and systemic racial discrimination. The adverse parties have hostily weaponized the administrative machinery of the county to target, bankrupt, and displace minority children from their home.

3. **Violations of the Civil Rights Act of 1866 (42 U.S.C. § 1981 & § 1982):**Federal law strictly prohibits intentional racial discrimination in the making and enforcement of contracts and the acquisition and holding of real property. Under **42 U.S.C. § 1981**, a minority business owner has the absolute right to the "full and equal benefit of all laws and proceedings for the security of persons and property." Under **42 U.S.C. § 1982**, all citizens have the same right as white citizens to inherit, purchase, lease, sell, hold, and convey real and personal property. Truncating a retrieval window to seize a minority contractor's commercial assets violates these foundational protections.

4. **Violations of the Pennsylvania Human Relations Act (PHRA) — 43 P.S. § 951 et seq.:** Under the PHRA, it is an unlawful discriminatory practice to deny, refuse, or withhold commercial housing or real estate accommodations from any person because of race, color, or familial status. Bypassing court filings

to rapidly render minority children unhoused while explicitly blocking their parents from accessing their livelihood violates the public policy and statutory protections of the Commonwealth.

## IV. EXPLICIT JOB BREAKDOWN AND TOTAL BREACH OF DUTY BY COURT ADMINISTRATION

When physically confronted with these flagrant due process violations, Carbon County Court Administration personnel responded with absolute indifference, stating, *"Well, I don't know... there's nothing I can do about it."* This statement represents an absolute failure of public office. Under the law of the Commonwealth, your explicit job responsibilities are strictly defined, and your collective refusal to perform them while continuing to draw a taxpayer-funded salary is a complete disgrace:

1. **The Chief Court Administrator (Patrick J. McKenna) — Absolute Duty Under Pa.R.J.A. No. 504:** The Chief Court Administrator is legally mandated to manage the administrative operations of the entire judicial district. This includes ensuring the prompt processing of all emergency filings, managing judicial dockets, and preserving the constitutional integrity of courthouse public access windows. **The Breach:** Chief Pat explicitly refused to accept emergency stay motions, stood by while a *pro se* litigant was told to "get the fuck out," and actively coordinated with the Nanovic solicitor firm to suppress appellate documentation.
2. **The Bethany Court Administration Staff — Clerical Mandate Under 42 Pa.C.S. § 2701:** Subordinate court administration workers have a non-discretionary, mechanical duty to process incoming applications and route them to the active judicial chambers. They do not have the legal authority to act as independent judges. **The Breach:** Staff personnel flatly denied standard service windows, refused to apply mandatory courthouse time-stamps, and weaponized local law enforcement to intimidate a citizen who has done absolutely nothing to harm any individual in this community.

## V. DEMAND FOR MANDATORY REVOCATION OF PROFESSIONAL LICENSES AND REMOVAL FOR JUDICIAL MISCONDUCT

# CARBON COUNTY CASE SUMMARY

## CASE NO. 26-CV-0773

| | | | |
|---|---|---|---|
| **Trucity Assets LLC vs Mishan Keller,Lindsey Sommers** | § | Location: | **Prothonotary** |
| | § | Judicial Officer: | **Nanovic, Roger N.** |
| | § | Filed on: | **04/10/2026** |
| | § | MDJ Original Case Number: | **MJ-56301-LT-28-2026** |
| | § | | |

### CASE INFORMATION

**Statistical Closures**
08/12/2026 Disposed by Summary Judgment
04/21/2026 Dismissed

Case Type: **MDJ - Appeal Landlord Tenant**

Case Status: **10/02/2026 Inactive**

### DATE — CASE ASSIGNMENT

**Current Case Assignment**

| | |
|---|---|
| Case Number | 26-CV-0773 |
| Court | Prothonotary |
| Date Assigned | 04/10/2026 |
| Judicial Officer | Nanovic, Roger N. |

### PARTY INFORMATION

| | | *Attorneys* |
|---|---|---|
| **Defendant** | **Keller, Mishan**<br>*1925 Highland Street*<br>*Allentown, PA 18104* | **Pro Se** |
| | **Sommers, Lindsey**<br>*1925 Highland Street*<br>*Allentown, PA 18104* | **Pro Se** |
| **Plaintiff** | **Trucity Assets LLC**<br>*75 Magna Drive*<br>*Coplay, PA 18037* | **ORLOSKI, RICHARD L ESQUIRE**<br>*Retained*<br>610-433-2363(W)<br>**Pro Se** |

### DATE — EVENTS & ORDERS OF THE COURT

| | |
|---|---|
| 04/10/2026 | Notice of Appeal from District Court<br>Party: Defendant Keller, Mishan<br>Party 2: Defendant Sommers, Lindsey |
| 04/10/2026 | Landlord Tenant Appeal as Supersedeas |
| 04/10/2026 | Rule Issued<br>*on plf to file a complaint within (20) days* |
| 04/10/2026 | Motion<br>Party: Defendant Keller, Mishan<br>Party 2: Defendant Sommers, Lindsey<br>*to stay execution of order for possession (supersedeas)* |
| 04/10/2026 | Affidavit<br>Party: Defendant Sommers, Lindsey<br>*(Non Section 8)* |
| 04/14/2026 | Praecipe<br>*to release rent escrow by Plf* |
| 04/15/2026 | Motion Dismissed (Judicial Officer: Nanovic, Roger N. ) |

Chelsea

Borough order wcat out yesterday (judge service) 30 day service + not (illegible)

# CARBON COUNTY CASE SUMMARY
## CASE NO. 26-CV-0773

| | |
|---|---|
| | *due to supersedeas acting as a stay* |
| 04/15/2026 | RCP 236 Notice Mailed to<br>Party: Plaintiff Trucity Assets LLC; Defendant Keller, Mishan; Defendant Sommers, Lindsey |
| 04/21/2026 | Entry of Appearance<br>Party: Attorney ORLOSKI, RICHARD L ESQUIRE<br>*on behalf of PLF* |
| 04/21/2026 | Certificate of Service<br>Party: Attorney ORLOSKI, RICHARD L ESQUIRE<br>*Served the foregoing documents via first class mail upon DEFs on 04/21/2026.* |
| 04/21/2026 | Praecipe<br>Party: Plaintiff Trucity Assets LLC<br>Party 2: Attorney ORLOSKI, RICHARD L ESQUIRE<br>*to Strike Supersesdeas & strike appeal* |
| 04/21/2026 | Supersedeas Terminated |
| 04/21/2026 | Appeal Dismissed |
| 04/21/2026 | Case Disposed |
| 04/22/2026 | Certificate of Service<br>Party: Defendant Sommers, Lindsey<br>*of Motion to Stay on Dist Court 4/10/26 & sent to Bruce Pancioron 4/13/26* |
| 05/01/2026 | Petition<br>Party: Defendant Keller, Mishan<br>Party 2: Defendant Sommers, Lindsey<br>*(Emergency) Petition to Reinstate Appeal & Stay Order of Possession* |
| 05/01/2026 | Request<br>Party: Defendant Keller, Mishan<br>Party 2: Defendant Sommers, Lindsey<br>*for Correction of Clerical Errors* |
| 05/01/2026 | Certificate of Service<br>Party: Defendant Sommers, Lindsey<br>*Served the Emergency Appeal via certified mail upon Richard L. Orioski on 05/01/2026 and via personal service upon MDJ 56-3-01 on 05/01/2026.* |
| 05/01/2026 | Hearing Order (Judicial Officer: Nanovic, Roger N. )<br>*Hearing on Emergency Motion to Reinstate Supersedeas is sched for 5/4/26 @ 9 am. Def to make service on plf within 24 hrs* |
| 05/01/2026 | Copy of<br>*hearing order handed to def Lindsey Sommers for both defs & copy mailed to Atty. Orloski.* |
| 05/04/2026 | Answer<br>Party: Plaintiff Trucity Assets LLC<br>Party 2: Attorney ORLOSKI, RICHARD L ESQUIRE<br>*to Def's Motion to Reinstate Appeal* |
| 05/04/2026 | Answer<br>Party: Plaintiff Trucity Assets LLC<br>Party 2: Attorney ORLOSKI, RICHARD L ESQUIRE<br>*to Duplicate Motion* |
| 05/04/2026 | Brief Lodged<br>Party: Plaintiff Trucity Assets LLC<br>Party 2: Attorney ORLOSKI, RICHARD L ESQUIRE<br>*in opposition to Def's Motion to Reinstate Appeal* |
| 05/04/2026 | Certificate of Service<br>Party: Attorney ORLOSKI, RICHARD L ESQUIRE<br>*of Answer and Brief in Opposition to Motion to Reinstate Appeal on Mishan Keller & Lindsey Sommers by mail or Hand Delivery in Court on 5/4/26* |

# CARBON COUNTY CASE SUMMARY
## CASE NO. 26-CV-0773

05/04/2026 Certificate of Service
Party: Defendant Sommers, Lindsey
Party 2: Defendant Keller, Mishan
*per person delivery @4:39pm on 5/1/26 on Atty Orloski*

05/04/2026 **Hearing** (9:00 AM) (Judicial Officer: Nanovic, Roger N. ;Location: Courtroom 1)
Events: 05/01/2026 Petition

05/04/2026 Complaint Filed
Party: Plaintiff Trucity Assets LLC
Party 2: Attorney ORLOSKI, RICHARD L ESQUIRE

05/04/2026 Public Access Compliance
Party: Attorney ORLOSKI, RICHARD L ESQUIRE

05/04/2026 Certificate of Service
Party: Attorney ORLOSKI, RICHARD L ESQUIRE
*of Complaint on defs by mail on 5/4/26*

05/04/2026 Petition Granted (Judicial Officer: Nanovic, Roger N. )
*Appeal filed by defs is reinstated. Plf to file complaint & make service within (20) days.*

05/04/2026 RCP 236 Notice Mailed to
Party: Attorney ORLOSKI, RICHARD L ESQUIRE; Defendant Keller, Mishan; Defendant Sommers, Lindsey

05/18/2026 Answer & New Matter
Party: Defendant Keller, Mishan
Party 2: Defendant Sommers, Lindsey

05/18/2026 Certificate of Service
Party: Defendant Sommers, Lindsey

05/21/2026 Motion for Judgment on Pleadings
Party: Plaintiff Trucity Assets LLC
Party 2: Attorney ORLOSKI, RICHARD L ESQUIRE

05/21/2026 Brief In Support of
Party: Plaintiff Trucity Assets LLC
Party 2: Attorney ORLOSKI, RICHARD L ESQUIRE
*Motion for Judgment on Pleadings*

05/21/2026 Certificate of Service
Party: Attorney ORLOSKI, RICHARD L ESQUIRE
*Answer and Brief in Opposition to the Motio nto Reinstate Appeal on Defs by mail on 5/21/26*

05/21/2026 Reply to New Matter
Party: Plaintiff Trucity Assets LLC
Party 2: Attorney ORLOSKI, RICHARD L ESQUIRE

05/21/2026 Certificate of Service
Party: Attorney ORLOSKI, RICHARD L ESQUIRE
*foregoing document on Defs by mail on 5/21/26*

05/27/2026 Order for Oral Argument (Judicial Officer: Nanovic, Roger N. )
*05/26/2026; Argument is scheduled for 08/11/2026 at 1:15 PM in Courtroom #1. Brief to be filed on or before 07/13/2026.*

05/27/2026 RCP 236 Notice Mailed to
Party: Attorney ORLOSKI, RICHARD L ESQUIRE; Defendant Keller, Mishan; Defendant Sommers, Lindsey

06/01/2026 Reply
Party: Defendant Keller, Mishan
Party 2: Defendant Sommers, Lindsey
*to plfs answer, prel objs & Motion to strike/sanctions*

07/13/2026 Brief Lodged
Party: Defendant Keller, Mishan

# CARBON COUNTY CASE SUMMARY

## CASE NO. 26-CV-0773

| | |
|---|---|
| | Party 2: Defendant Sommers, Lindsey<br>*to present evidence of discriminatory treatment, racial bias, unequal protection, bad faith & civil rights implications (was filed in 26-cv-0419 but asked to be filed under 26-cv-0773)* |
| 08/10/2026 | Return to Active Status<br>*missed in May* |
| 08/11/2026 | **Argument** (1:15 PM) (Judicial Officer: Nanovic, Roger N. ;Location: Courtroom 1)<br>Events: 05/21/2026 Motion for Judgment on Pleadings |
| 08/12/2026 | Motion Granted (Judicial Officer: Nanovic, Roger N. )<br>*8/11/26;Plfs Motion for Judgment on Pleadings is granted & possession awarded to plf. Count 1 of complaint for breach of contract for unpaid rent is dismissed without prejudice.* |
| 08/12/2026 | RCP 236 Notice Mailed to<br>Party: Attorney ORLOSKI, RICHARD L ESQUIRE; Defendant Keller, Mishan; Defendant Sommers, Lindsey |
| 08/12/2026 | Case Disposed |
| 08/21/2026 | Petition for Special Relief<br>Party: Defendant Keller, Mishan<br>Party 2: Defendant Sommers, Lindsey<br>*(Emergency) Release of escrow funds, stay further rent payments & expedite hearing.* |
| 08/21/2026 | Petition to Consolidate<br>Party: Defendant Keller, Mishan<br>Party 2: Defendant Sommers, Lindsey<br>*26-cv-0773 with 26-cv-0419* |
| 08/24/2026 | Praecipe for Judgment<br>Party: Plaintiff Trucity Assets LLC<br>Party 2: Attorney ORLOSKI, RICHARD L ESQUIRE<br>*on Count Two for Possession in favor of Plf & against the Defs* |
| 08/24/2026 | Notice of Judgment Sent RCP236<br>Party: Defendant Keller, Mishan; Defendant Sommers, Lindsey<br>*along with copy of judg* |
| 08/24/2026 | Praecipe for Possession<br>Party: Plaintiff Trucity Assets LLC<br>Party 2: Attorney ORLOSKI, RICHARD L ESQUIRE |
| 08/24/2026 | Writ of Possession Issued |
| 08/25/2026 | Certificate of Service<br>Party: Defendant Keller, Mishan<br>*of Petition on All Points Towing personally 8/25/26* |
| 08/25/2026 | Petition to Consolidate<br>Party: Defendant Keller, Mishan<br>Party 2: Defendant Sommers, Lindsey<br>*(Emergency) to consolidate cases 26-cv-0419 & 26-cv-0773 & stay proceedings & schedule expedited hearing* |
| 08/25/2026 | Petition for Injunction<br>Party: Defendant Keller, Mishan<br>Party 2: Defendant Sommers, Lindsey<br>*(Emergency Relief) Evidence preservation, return of property & expedited hearing* |
| 08/25/2026 | Certificate of Service<br>Party: Defendant Keller, Mishan<br>*of Emergency Petition for Special Relief on Boro Secy, Ryan Saunders Mayor, Troy Abelovsky, Detective Arner, Officer Pryce, Corporal Broyl, All Points Towing, Community Bank NA, Barry Isett & Associates Inc by personal service & sent to Atty General* |
| 08/25/2026 | Petition for Special Relief<br>Party: Defendant Keller, Mishan<br>Party 2: Defendant Sommers, Lindsey<br>*(Emergency) expedited hearing, stay of rent & escrow payments & partial release of escrow* |

# CARBON COUNTY CASE SUMMARY
## CASE NO. 26-CV-0773

| | |
|---|---|
| | *funds* |
| 08/25/2026 | Certificate of Service<br>Party: Defendant Keller, Mishan<br>*of Emergency Motion for Stay on Attys Pancio & Orlowski by mail & copy sent to Atty. General.* |
| 08/25/2026 | Petition<br>Party: Defendant Keller, Mishan<br>Party 2: Defendant Sommers, Lindsey<br>*for immediate release of personal property & business tools & expedited hearing* |
| 08/25/2026 | Notice<br>Party: Defendant Keller, Mishan<br>Party 2: Defendant Sommers, Lindsey<br>*of county communications, req for record preservation & request for expedited hearing.* |
| 08/25/2026 | Certificate of Service<br>Party: Defendant Keller, Mishan<br>*of notice on Attys. Pancio, Orlowski, County Commissioners, Jessica Ahner RTK officer & Eloise Ahner county administrator* |
| 08/25/2026 | Notice<br>Party: Defendant Keller, Mishan<br>Party 2: Defendant Sommers, Lindsey<br>*of county communications, request for record preservation & clarification & expedited review* |
| 08/25/2026 | Certificate of Service<br>Party: Defendant Keller, Mishan<br>*of notice on Attys. Pancio, Orlowski, Commissioners, Jessica Ahner RTK officer & Eloise Ahner by mail on 8/25/26* |
| 08/26/2026 | Petition Dismissed (Judicial Officer: Nanovic, Roger N. )<br>*8/25/26;Emergency Relief petition dismissed as moot court having ruled on Plfs Motion for Judgment on Pleadings.* |
| 08/26/2026 | RCP 236 Notice Mailed to<br>Party: Attorney ORLOSKI, RICHARD L ESQUIRE; Defendant Keller, Mishan; Defendant Sommers, Lindsey |
| 08/26/2026 | Petition to Recuse Judge<br>Party: Defendant Keller, Mishan<br>Party 2: Defendant Sommers, Lindsey<br>*Immediate Stay of Possession & Enforcement & expedited hearing. With attached pictures* |
| 08/26/2026 | Certificate of Service<br>Party: Defendant Keller, Mishan<br>*of Petition for Recusal, Immediate Stay of Possession, Enforcement & Expedited Hearing on Attys Orlowski & Pancio* |
| 08/31/2026 | Moot Order (Judicial Officer: Nanovic, Roger N. )<br>*08/31/2026; Per Court Order dated 08/11/2026 granting PLF's Motion for Judgment, Petition is DISMISSED as MOOT. See Order for details.* |
| 08/31/2026 | RCP 236 Notice Mailed to<br>Party: Attorney ORLOSKI, RICHARD L ESQUIRE; Defendant Keller, Mishan; Defendant Sommers, Lindsey |
| 08/31/2026 | Motion<br>Party: Defendant Keller, Mishan<br>Party 2: Defendant Sommers, Lindsey<br>*to Stay Sheriff Sale or Other Enforcement, Vacate or Reconsider Adverse Action, Preserve Status Quo & Schedule Immediate Hearing* |
| 08/31/2026 | Certificate of Service<br>Party: Defendant Keller, Mishan<br>Party 2: Defendant Sommers, Lindsey<br>*Served the Motion upon Atty Orlowski and Atty Pancio on 08/31/2026.* |
| 08/31/2026 | |

# CARBON COUNTY CASE SUMMARY
## CASE NO. 26-CV-0773

| | |
|---|---|
| | Motion<br>Party: Defendant Keller, Mishan<br>Party 2: Defendant Sommers, Lindsey<br>*(Emergency) to Stay Possession Enforcement and Additional Rent-Related Obligations, Preserve Evidence, Permit Limited Expedited Discovery, Produce Case-Related Records, Coordinate Related Matter No. 26-CV-0419 And Schedule Expedited Evidentairy Hearing* |
| 08/31/2026 | Certificate of Service<br>Party: Defendant Keller, Mishan<br>Party 2: Defendant Sommers, Lindsey<br>*Served the Motion upon Atty Orlowski and Atty Pancio on 08/31/2026.* |
| 09/01/2026 | Notice<br>Party: Defendant Keller, Mishan<br>Party 2: Defendant Sommers, Lindsey<br>*to Carbon County Sheriff and Request for Voluntary Temporary Deferral of Writ of Possession* |
| 09/01/2026 | Motion<br>Party: Defendant Keller, Mishan<br>Party 2: Defendant Sommers, Lindsey<br>*(Emergency) For Immediate Stay of Writ Enforcement, Expedited Evidentiary Hearing, Coordination with 26-CV-0419 and Preservation of Records* |
| 09/01/2026 | Certificate of Service<br>Party: Defendant Keller, Mishan<br>Party 2: Defendant Sommers, Lindsey<br>*Served the Emergency Motion on Atty Orlowski and Atty Pancio on 08/31/2026.* |
| 09/02/2026 | Motion Denied (Judicial Officer: Nanovic, Roger N. )<br>*9/1/26; Motion to Stay Possession is denied.* |
| 09/02/2026 | RCP 236 Notice Mailed to<br>Party: Attorney ORLOSKI, RICHARD L ESQUIRE; Defendant Keller, Mishan; Defendant Sommers, Lindsey |
| 09/02/2026 | Motion Denied (Judicial Officer: Nanovic, Roger N. )<br>*9/1/26; Motion to Stay Sheriff Sale is denied.* |
| 09/02/2026 | RCP 236 Notice Mailed to<br>Party: Attorney ORLOSKI, RICHARD L ESQUIRE; Defendant Keller, Mishan; Defendant Sommers, Lindsey |
| 09/02/2026 | RCP 236 Notice Mailed to<br>Party: Attorney ORLOSKI, RICHARD L ESQUIRE; Defendant Keller, Mishan; Defendant Sommers, Lindsey |
| 09/02/2026 | Stricken Order (Judicial Officer: Nanovic, Roger N. )<br>*9/1/26; 9/1/26; notice is stricken no further action will be taken by court; see order for details* |
| 09/02/2026 | RCP 236 Notice Mailed to<br>Party: Attorney ORLOSKI, RICHARD L ESQUIRE; Defendant Keller, Mishan; Defendant Sommers, Lindsey |
| 09/02/2026 | Stricken Order (Judicial Officer: Nanovic, Roger N. )<br>*9/1/26; notice is stricken no further action will be taken by court; see order for details* |
| 09/02/2026 | RCP 236 Notice Mailed to<br>Party: Attorney ORLOSKI, RICHARD L ESQUIRE; Defendant Keller, Mishan; Defendant Sommers, Lindsey |
| 09/02/2026 | Petition Dismissed (Judicial Officer: Nanovic, Roger N. )<br>*9/1/26;Petition for Immediate Release of Property is dismissed.* |
| 09/02/2026 | RCP 236 Notice Mailed to<br>Party: Attorney ORLOSKI, RICHARD L ESQUIRE; Defendant Keller, Mishan; Defendant Sommers, Lindsey |
| 09/02/2026 | Petition Denied (Judicial Officer: Nanovic, Roger N. )<br>*09/01/2026; Petition is DENIED as to Emergency Special Relief* |

# CARBON COUNTY CASE SUMMARY
## CASE NO. 26-CV-0773

| | |
|---|---|
| 09/02/2026 | RCP 236 Notice Mailed to<br>Party: Attorney ORLOSKI, RICHARD L ESQUIRE; Defendant Keller, Mishan; Defendant Sommers, Lindsey |
| 09/02/2026 | Moot Order (Judicial Officer: Nanovic, Roger N. )<br>*09/01/2026; Petition is DISMISSED as to Consolidation as MOOT. See Order for details.* |
| 09/02/2026 | RCP 236 Notice Mailed to<br>Party: Attorney ORLOSKI, RICHARD L ESQUIRE; Defendant Keller, Mishan; Defendant Sommers, Lindsey |
| 09/02/2026 | Petition Dismissed (Judicial Officer: Nanovic, Roger N. )<br>*09/01/2026; Petition is DISMISSED. as to Relief & Injunction.* |
| 09/02/2026 | RCP 236 Notice Mailed to<br>Party: Attorney ORLOSKI, RICHARD L ESQUIRE; Defendant Keller, Mishan; Defendant Sommers, Lindsey |
| 09/02/2026 | Moot Order (Judicial Officer: Nanovic, Roger N. )<br>*09/01/2026; Petition is DISMISSED as MOOT as to Consolidation.* |
| 09/02/2026 | RCP 236 Notice Mailed to<br>Party: Attorney ORLOSKI, RICHARD L ESQUIRE; Defendant Keller, Mishan; Defendant Sommers, Lindsey |
| 09/03/2026 | Motion Denied (Judicial Officer: Nanovic, Roger N. )<br>*9/2/26; as to Emergency Motion for Immediate Stay* |
| 09/03/2026 | RCP 236 Notice Mailed to<br>Party: Attorney ORLOSKI, RICHARD L ESQUIRE; Defendant Keller, Mishan; Defendant Sommers, Lindsey |
| 09/08/2026 | Received<br>*from Supreme Court notice of Application for Stay filed by defs #182MM2026* |
| 09/08/2026 | Copy of<br>*Supreme Court notice sent to Judge Nanovic* |
| 09/08/2026 | Petition for Leave to File<br>Party: Defendant Keller, Mishan<br>Party 2: Defendant Sommers, Lindsey<br>*Amended & Supplemental Emergency Application for Interim Stay* |
| 09/08/2026 | Certificate of Service<br>Party: Defendant Keller, Mishan<br>*Served the Petition upon Office of Prothonotary Supreme Court of PA via PacFile, Judge Nanovic by personal service, Atty Orlowski via email 09/08/2026.* |
| 09/08/2026 | Motion to Compel<br>Party: Defendant Keller, Mishan<br>Party 2: Defendant Sommers, Lindsey<br>*Acceptance of Escrow Payment and Maintain Stay of Possession Pending Appeal* |
| 09/08/2026 | Certificate of Service<br>Party: Defendant Keller, Mishan<br>Party 2: Defendant Sommers, Lindsey<br>*Served the Emergency Motion to Compel Acceptance of Esrow Payment via PACFile upon Atty Orlowski on 09/08/2026.* |
| 09/11/2026 | Served by Sheriff<br>Defendant: Defendant Keller, Mishan; Defendant Sommers, Lindsey<br>*Served the WOP by personal service upon DEF Mishan Keller who accepted as APIC on behalf himself a of DEF Lindsey Sommers on 08/26/2026. See ROS for details.* |
| 09/18/2026 | Motion<br>Party: Defendant Keller, Mishan<br>Party 2: Defendant Sommers, Lindsey<br>*for Recusal of Judge Nanovic & Judge Serfass* |
| 09/18/2026 | Certificate of Service |

# CARBON COUNTY CASE SUMMARY
## CASE NO. 26-CV-0773

| | |
|---|---|
| | Party: Defendant Keller, Mishan<br>*of Motion for Recusal on Orloski Law Firm & Atty. Pancio 9/18/16* |
| 09/18/2026 | Motion<br>Party: Defendant Keller, Mishan<br>Party 2: Defendant Sommers, Lindsey<br>*(Expedited) to require lawful procedure, meaningful evidentiary hearing & written depos.* |
| 09/18/2026 | Certificate of Service<br>Party: Defendant Keller, Mishan<br>*of Expedited Motion on Orloski Law Firm & Atty Pancio 9/18/26* |
| 09/18/2026 | Motion<br>Party: Defendant Keller, Mishan<br>Party 2: Defendant Sommers, Lindsey<br>*for same day procedural contact & emergency status conference* |
| 09/18/2026 | Certificate of Service<br>Party: Defendant Keller, Mishan<br>*of Application for Status Conference motion on attys Pancio & Orloski Law Firm 9/18/26* |
| 09/18/2026 | Motion<br>Party: Defendant Keller, Mishan<br>Party 2: Defendant Sommers, Lindsey<br>*(Emergency) for immediate stay & enforcement & preservation of property.* |
| 09/18/2026 | Certificate of Service<br>Party: Defendant Keller, Mishan<br>*of Emergency Motion for Stay on Atty Pancio & Orloski Law Firm 9/18/26* |
| 09/18/2026 | Motion<br>Party: Defendant Keller, Mishan<br>Party 2: Defendant Sommers, Lindsey<br>*(Expedited) to list & schedule hearing for immediate disposition of pending motions & emergency stay* |
| 09/18/2026 | Certificate of Service<br>Party: Defendant Keller, Mishan<br>*of Emergency Motion on Atty Pancio & Orloski Law Firm 9/18/26* |
| 09/18/2026 | Motion<br>Party: Defendant Keller, Mishan<br>Party 2: Defendant Sommers, Lindsey<br>*Expedited for preservation of public records, record retention policy & review of official misconduct.* |
| 09/18/2026 | Certificate of Service<br>Party: Defendant Keller, Mishan<br>*of Motion on Atty Pancio & Orloski Law Firim 9/18/26* |
| 09/22/2026 | Appeal to Superior Court<br>Party: Defendant Keller, Mishan |
| 09/22/2026 | Public Access Compliance<br>Party: Defendant Keller, Mishan |
| 09/22/2026 | Certificate of Service<br>Party: Defendant Keller, Mishan<br>*of Appeal on Judge Serfass, Judge Nanovic, Sheriffs Dept, Strubinger Law, Dist Attys Office, Ct Admin & Attys Orlowski & Pancio personal or mailed 9/22/26* |
| 09/22/2026 | Petition<br>Party: Defendant Keller, Mishan<br>Party 2: Defendant Sommers, Lindsey<br>*Emergency Special Relief, Stay pending Appeal & emergency Writ of Mandamus* |
| 09/22/2026 | RAP 905B Notice of Appeal<br>*to Superior Court along with plfs money order in the amount of $91.25 #55278641972* |
| 09/28/2026 | Notice of Docket Number Assignment |

# CARBON COUNTY CASE SUMMARY
## CASE NO. 26-CV-0773

| | |
|---|---|
| | *from Superior Court #2632EDA2026* |
| 10/02/2026 | Memorandum Opinion (Judicial Officer: Nanovic, Roger N. ) |
| 10/02/2026 | RCP 236 Notice Mailed to<br>Party: Attorney ORLOSKI, RICHARD L ESQUIRE; Defendant Keller, Mishan; Defendant Sommers, Lindsey |
| 10/02/2026 | Case Disposed |
| 10/07/2026 | Motion<br>Party: Defendant Keller, Mishan<br>*(Emergency) Omnibus Motion under 206.1, 213, 1006(d) etc (Judicial Disqualification)* |
| 10/07/2026 | Certificate of Service<br>Party: Defendant Keller, Mishan<br>*of Emergency Omnibus Motion for Mandatory Interim Order on Atty Orlowski & Pancio by mail on 10/7/26* |
| 10/07/2026 | Petition for Injunction<br>Party: Defendant Keller, Mishan<br>*(Emergency), Immediate Stay & Disqualification* |
| 10/07/2026 | Petition<br>Party: Defendant Keller, Mishan<br>Party 2: Defendant Sommers, Lindsey<br>*(Emergency) (Counter Petition) for Comprehensive Damages* |
| 10/07/2026 | Certificate of Service<br>Party: Defendant Keller, Mishan<br>*of Emergency Counter-Petition on Attys Orlowski, Pancio & James Nanovic by mail on 10/7/26* |
| 10/07/2026 | Notice<br>Party: Defendant Keller, Mishan<br>Party 2: Defendant Sommers, Lindsey<br>*of mandatory record declaration of comprehensive outside escalation* |
| 10/07/2026 | Certificate of Service<br>Party: Defendant Keller, Mishan<br>Party 2: Defendant Sommers, Lindsey<br>*of Notice on Attys Orlowski & Pancio by mail on 10/7/26* |
| 10/07/2026 | Notice<br>Party: Defendant Keller, Mishan<br>Party 2: Defendant Sommers, Lindsey<br>*formal notice of administrative non compliance & constitutional depravity* |
| 10/07/2026 | Notice<br>Party: Defendant Keller, Mishan<br>Party 2: Defendant Sommers, Lindsey<br>*of Civil Rights Violation & Systemic Liability* |
| 10/07/2026 | Notice<br>Party: Defendant Keller, Mishan<br>Party 2: Defendant Sommers, Lindsey<br>*of enforcement by PA Atty General & Supreme Court* |
| 10/07/2026 | Notice<br>Party: Defendant Keller, Mishan<br>Party 2: Defendant Sommers, Lindsey<br>*of Emergency Requisition of Out of County Assignment under PA RJA 701* |
| 10/07/2026 | Copy of<br>*Docket entries mailed to Attys Orloski & defs* |
| 10/07/2026 | Petition<br>Party: Defendant Keller, Mishan<br>Party 2: Defendant Sommers, Lindsey |

# CARBON COUNTY CASE SUMMARY

## CASE NO. 26-CV-0773

| | |
|---|---|
| | *for Immediate entry of default judgment/tort restitution/sanctions/job revocation* |
| 10/07/2026 | Certificate of Service<br>Party: Defendant Keller, Mishan<br>*of Emergency Petition on Attys Orloski, Pancio & Nanovic 10/7/26* |
| 10/07/2026 | Received<br>Party: Defendant Keller, Mishan<br>Party 2: Defendant Sommers, Lindsey<br>*Mandatory Requisition for Immediate Ruling on Stay* |
| 10/08/2026 | Order of Supreme Court<br>*9/10/26;Application for Reargument & Reconsideration of 9/8/26 Order is denied* |
| 10/08/2026 | Order of Supreme Court<br>*9/8/26;Emergency Application for Immediate Stay of Possession is denied* |
| 10/13/2026 | Received<br>Party: Defendant Keller, Mishan<br>*Exhibits & proposed orders* |
| 10/13/2026 | Received<br>Party: Defendant Keller, Mishan<br>*denial of service* |

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF CARBON

# ORDER FOR POSSESSION, RETURN AND NOTICE

| | |
|---|---|
| Mag. Dist. No: | MDJ-56-3-01 |
| MDJ Name: | Honorable Eric M. Schrantz |
| Address: | 340 Center Avenue<br>P.O. Box 356<br>Jim Thorpe, PA 18229 |
| Telephone: | 570-325-2751 |

File Copy

Trucity Assets LLC
v.
Mishan Keller, Lindsey Sommers

Docket No: MJ-56301-LT-0000028-2026
Case Filed: 3/23/2026
Time Filed: 11:52AM
Date Order Filed: 04/21/2026

MDJ Judge Schrantz - directly laughed at me yesterday
Democrat & Republican

TO THE MAGISTERIAL DISTRICT JUDGE: The above named plaintiff, having obtained a judgment for possession of real property located at:

273 Bankway St.
Lehighton, PA 18235

Requests that you issue an ORDER FOR POSSESSION for such property.

Date: Plaintiff: Trucity Assets LLC

## ORDER FOR POSSESSION

To: Thomas J. Sitarchyk (Sheriff or Certified Constable)

You are hereby directed to deliver actual possession to Plaintiff, or Plaintiff's agent, of the real property located at (give location and/or address):

273 Bankway St.
Lehighton, PA 18235

### Notice Concerning Personal Property Left in Rental Property

Unless otherwise provided in the lease, the landlord is required to provide notice of the following concerning personal property. If you vacate the rental property and leave personal property behind in the rental property, you have ten days to contact your landlord about your intentions concerning the removal of that personal property. Your landlord is obligated to retain your personal property for thirty days if you make such a request within ten days of vacating the rental property. If no such request is made within the ten-day period, your landlord may dispose of the personal property at the end of the ten-day period. Additionally, you may be held responsible for the costs of removal or storage of your personal property after the landlord has the right to dispose of such property. Section 505.1 of the Landlord and Tenant Act of 1951 ("Act"), Act of April 6, 1951, P.L. 69, as amended, 68 P.S. § 250.505(a).

April 21, 2026 — E. M. [signature]
Date — Magisterial District Judge Schrantz

Commonwealth of Pennsylvania County of Carbon Magisterial District Judge 56-3-01

April 22, 2026 — [signature]
Received Date & Time — Signature of Sheriff or Certified Constable

EVICTION DATE
MAY 4, 2026 10AM
was Sept 10th



FREE INTERPRETER
www.pacourts.us/language-rights
570-325-8556 x3201

Trucity Assets LLC
v.
Mishan Keller, Lindsey Sommers

Docket No.: MJ-56301-LT-0000028-2026

## RETURN

☐ Defendant (Name): ______

☐ Adult person in charge (Name): ______

Served with copy of ORDER FOR POSSESSION, and served with NOTICE TO VACATE on (Date of Service) ______
at (Location and Address): 273 Bankway St.
Lehighton, PA 18235

☐ Since none of the above found, served by posting a copy of the complaint conspicuously on the premises
Date:______ Time:______

☐ Order satisfied by payment of rent in arrears and costs

Amount Paid $______

Distribution

$______ To ______
$______ To ______
$______ To ______
$______ To ______
$______ To ______
$______ To ______

☐ Premises vacated without forcible entry and ejectment

☐ Forcible entry and ejectment Date:______ Time:______

☐ Returned within five business days following delivery of possession to plaintiff or satisfaction by payment of rent in arrears and costs.

Expenses and fees of sheriff or certified constable $ ______

[signature]
Signature of Sheriff or Certified Constable

Cec Thomas Sitarchyk
Print Name and Title

## NOTICE TO DEFENDANT TO VACATE

If you and all the occupants of this property not authorized by the owner to be present thereon, do not vacate this property within 10 days after the (date of service) 23 day of APRIL 2026, the law authorizes me to use, and I must use, such force as may be necessary to enter upon this property, by breaking in of any door or otherwise, and to eject you and all unauthorized occupants. If necessary, eviction will commence on 5/4/26 after 12:01AM.

| | |
|---|---|
| Rent in Arrears | $1,850.00 |
| Costs | $268.20 |
| **Total** | **$2,118.20** |

Appealed



FREE INTERPRETER
www.pacourts.us/language-rights
570-325-8556 x3201

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF CARBON

# SERVICE OF PROCESS

| | |
|---|---|
| Mag. Dist. No: | MDJ-56-3-01 |
| MDJ Name: | Honorable Eric M. Schrantz |
| Address: | 340 Center Avenue<br>P.O. Box 356<br>Jim Thorpe, PA 18229 |
| Telephone: | 570-325-2751 |

File Copy

Trucity Assets LLC
v.
Mishan Keller, Lindsey Sommers

Docket No: MJ-56301-LT-0000028-2026
Case Filed: 3/23/2026

wrong - served August 26

Served upon Mishan Keller, by handing a copy of

**Describe Document(s):**

Order for Possession, Return and Notice

Order for Possession, Return and Notice

to Mishan / Lindsey ✓ , ______________
(Person actually served) (Relationship/Title)

on APRIL 23, 2026 , at 1:04 P .M., at
(Date) (Time)

273 BankWay Lehighton
(Location)

For Landlord/Tenant complaints:
Served by posting a copy of the complaint conspicuously on the premises

______________, at ______________ .M., at
(Date) (Time)

______________
(Location)

Service was attempted as indicated below:

______________

Miles traveled: ______________

[signature]
(Signature)

E Thomas Stardyk
(Name and Title)

EVICTION
MAY 4, 2026
10 AM



FREE INTERPRETER
www.pacourts.us/language-rights
570-325-8556 x3201

**IN THE COURT OF COMMON PLEAS OF CARBON COUNTY, PENNSYLVANIA**
**CIVIL ACTION**

wrong

| | | |
|---|---|---|
| **TRUCITY ASSETS, LLC** | : | |
| **Plaintiff/Appellee** | : | |
| | : | |
| **vs.** | : | **No. 26-CV-0773** |
| | : | |
| **MISHAN KELLER** | : | |
| **AND LINDSEY SOMMERS** | : | |
| **Defendants/Appellant** | : | |

FILED
2026 APR 21 AM 11:26
CARBON COUNTY
PROTHONOTARY

**PRAECIPE TO STIKE APPEAL**
**PURSUANT TO Pa.R.C.P.M.D.J. 1006**

To The Prothonotary:

Please strike Defendant's appeal from the record due to Defendants'/Appellants' failure to file a Proof of Service within ten days of the filing of an appeal (appeal was filed 4/10/2026, so the last day to timely file a Proof of Service was April 20, 2026), as required by Pa.R.C.P.M.D.J. 1005(B).

Richard L. Orloski
Attorney for Plaintiff
The Orloski Law Firm
111 N. Cedar Crest Blvd.
Allentown, PA 18104
Phone 610-433-2363

**IN THE COURT OF COMMON PLEAS OF CARBON COUNTY, PENNSYLVANIA**
**CIVIL ACTION - LAW**

| | | |
|---|---|---|
| TRUCITY ASSETS LLC<br>Plaintiff | : | Case No. 26-CV-0773 |
| | : | |
| | : | Plaintiff Paid: |
| v. | : | |
| | : | Defendant Paid: |
| MISHAN KELLER and | : | |
| LINDSSEY SOMMERS | : | Due Clerk: |
| Defendants | : | Other Costs |

## WRIT OF POSSESSION

COMMONWEATH OF PENNSYLVANIA )

COUNTY OF CARBON )

To the Sheriff of Carbon County:

(1) To satisfy the judgment for possession in the above matter you are directed to deliver possession of the following described property to Plaintiff:

273 Bankway St., Lehighton, PA (legal description attached)

(2) To satisfy the costs against the Defendant, you are directed to levy upon any property of Defendants, and sell the Defendants interests therein.

Date: AUG 24 2026

Kayla M. Semmel

Prothonotary of Carbon County

By: Kayla M Semmel

Attorney for Plaintiff:

Richard L. Orloski, Esq.

111 N. Cedar Crest Blvd.

Allentown PA 18104

Gmail

Dimmick Circ <dimmickcirc@gmail.com>

**(no subject)**

**Mishan Keller** <mkcustomcontractingpa@gmail.com>
To: "dimmickcirc@gmail.com" <dimmickcirc@gmail.com>

Wed, Oct 14, 2026 at 1:03 PM

# IN THE COURT OF COMMON PLEAS OF CARBON COUNTY, PENNSYLVANIA

## CIVIL DIVISION

FILED
2026 OCT 14 PM 2:10
CARBON COUNTY
PROTHONOTARY

**MISHAN KELLER and LINDSEY SOMMERS,**
Defendants / Pro Se Petitioners,
v.
**CHELSEA OTT, MICHAEL OTT, and TRU CITY ASSETS,**
Plaintiffs / Respondents.

**CASE NO. 26-CV-0773 / 26-CV-0419**
**SUPERIOR COURT DOCKET: 2632 EDA 2026**

**EMERGENCY EX PARTE ORDER FOR IMMEDIATE possession AND WRIT OF PUNITIVE CONTEMPT LEVYING DAILY COERCIVE FINES**

**AND NOW**, this _______ day of October, 2026, upon consideration of the Emergency Pro Se Affirmation of Defendant Mishan Keller under ***Haines v. Kerner*, 404 U.S. 519**, establishing systemic due process deprivation, a lack of an evidentiary hearing, and ongoing extortion of trade tools, it is hereby **ORDERED, ADJUDGED, and DECREED**:

1. **COMMAND TO VACATE WRIT:** The Writ of Possession executed on September 10, 2026, is **IMMEDIATELY STRICKEN** as an unconstitutional extrajudicial lockout.
2. **IMMEDIATE RESTORATION:** Plaintiffs Chelsea Ott, Michael Ott, and Tru City Assets, along with Attorney Richard L. Orloski, Esq., are commanded to provide **immediate, unconditional entry and restoration of the premises at 273 Bankway Street, Lehighton, PA 18235** to the Defendant and his family **TODAY**.
3. **IMPOSITION OF COMPULSORY SANCTIONS:** Pursuant to the inherent equitable powers of this Court and **Pa.R.C.P. 1023.4**, a

punitive and coercive sanction of **$25,000.00 is hereby assessed against the Plaintiffs and their counsel jointly and severally for the calendar date of October 14, 2026.**

4. **ENFORCEABLE DAILY INCREMENTS:** If Plaintiffs or their counsel refuse, delay, or ignore this Order, an **additional assessment of $25,000.00 per day** shall automatically accrue on this civil judgment for every 24-hour period of non-compliance.

5. **PROFESSIONAL LICENSE REFERRAL FOR FAILURE TO COMPLY:**Failure by Attorney Richard L. Orloski, Esq., to comply with the immediate property and tool turnover mandates of this Order within twenty-four (24) hours shall result in an automated, compulsory **Contempt Certification forwarded directly to the Disciplinary Board of the Supreme Court of Pennsylvania** with a judicial recommendation for the **immediate emergency suspension of his license to practice law** under Pa.R.D.E. 208.

**BY THE COURT:**

______________________________

Gmail

Dimmick Circ <dimmickcirc@gmail.com>

**(no subject)**

**Mishan Keller** <mkcustomcontractingpa@gmail.com>
To: "dimmickcirc@gmail.com" <dimmickcirc@gmail.com>

Wed, Oct 14, 2026 at 1:13 PM

**ACKNOWLEDGMENT OF SERVICE AND STATUTORY COMPLIANCE**

*By signing below, the recipient acknowledges receipt of these emergency filings and notes compliance or refusal under penalty of contempt pursuant to* ***42 Pa.C.S. § 4132*** *(relating to attachment for contempt).*

**RECIPIENT SIGNATURE:** ______________________________
**PRINT NAME / TITLE:** ________________________________
**DATE OF SERVICE:** October 14, 2026
**STATUTORY REGISTER: Pa.R.C.P. 405 (Proof of Service)**

---

**How to Use This Page at the Window Today**

1. **Place This Page on the Very Front:** This serves as the master cover sheet and proposed order for the judge.
2. **Present It for Stamping:** Hand the entire packet to the Prothonotary clerk. If an official refuses to sign the acknowledgment block above, write *"Refused to Sign"* on the line yourself, note the time, and ask the clerk to time-stamp the top of the page. Under Pennsylvania law, a clerk's official time-stamp serves as your definitive proof of filing.

*physical presentation constitutes a direct violation of* ***Pa.R.C.P. 405*** *and will be added as primary evidence of contempt under* ***42 Pa.C.S. § 4132****.*

**RECIPIENT SIGNATURE:** ______________________________

**PRINT NAME AND TITLE:** ______________________________

**DATE OF SERVICE:** October 14, 2026 | **TIME:** __________ AM/PM

– 10·14·2026 (Pro-se)

Gmail

Dimmick Circ <dimmickcirc@gmail.com>

---

**(no subject)**

---

**Mishan Keller** <mkcustomcontractingpa@gmail.com>
To: "dimmickcirc@gmail.com" <dimmickcirc@gmail.com>

Wed, Oct 14, 2026 at 1:14 PM

FILED 2026 OCT 14 PM 2:04 CARBON COUNTY PROTHONOTARY

## MANDATORY CONSTITUTIONAL NOTICE OF PRO SE STATUS UNDER COMPELLING JUDICIAL CORRUPTION

**NOTICE IS HEREBY GIVEN THAT THE UNDERSIGNED, MISHAN KELLER, IS ACTING AS HIS OWN COUNSEL PRO SE. THE DEFENDANT HAS BEEN FORCEFULLY COMPELLED INTO PRO SE REPRESENTATION DUE TO AN ACTIVE OUT-OF-COUNTY ATTORNEY REFUSAL EMBEDDED WITHIN SYSTEMIC LOCAL MUNICIPAL CORRUPTION.**

**UNDER THE LANDMARK UNITED STATES SUPREME COURT RULING IN *HAINES V. KERNER*, 404 U.S. 519 (1972), THE FILINGS OF A PRO SE LITIGANT MUST BE HELD TO LESS STRINGENT STANDARDS THAN FORMAL PLEADINGS DRAFTED BY LAWYERS. MISHAN KELLER IS FULLY ENTITLED UNDER THE LAW TO THE EXACT SAME PROCEDURAL DIGNITY, REVIEW, AND MANDATORY DUE PROCESS AS A LICENSED ATTORNEY. COURT OFFICIALS ARE EXPRESSLY PROHIBITED FROM UTILIZING THE DEFENDANT'S PRO SE STATUS TO SUPPRESS, DELAY, OR IGNORE THIS RECORD.**

---

## EMERGENCY EX PARTE MANDATE FOR IMMEDIATE DOMESTIC RESTORATION AND LEVY OF MANDATORY DAILY CONTEMPT SANCTIONS

**AND NOW**, this _______ day of October, 2026, upon consideration of the Emergency Application for Extraordinary Relief submitted by Defendant Mishan Keller under **42 Pa.C.S. § 323** and **Pa.R.C.P. 1023.4**, establishing that the execution of a backdated Writ of Possession without an evidentiary hearing has left

minor children (ages 8 and 13) unconstitutionally displaced, it is hereby **ORDERED, ADJUDGED, and DECREED**:

1. **IMMEDIATE RESTORATION MANDATE:** The Plaintiffs, the Municipal Solicitor, and the Carbon County Sheriff's Department are **FORCEFULLY MANDATED** to grant the Defendant and his family **immediate, unconditional entry and return to the residence at 273 Bankway Street, Lehighton, PA 18235, TODAY**.
2. **COERCIVE DAILY FINES FOR NON-COMPLIANCE:** If the named targets or their representatives ignore, dismiss, or refuse to acknowledge this filing or fail to restore the Defendant to his home **today**, a civil sanction of **$50,000.00 per day** shall immediately accrue against them, jointly and severally, on the public judicial record until full compliance is achieved.
3. **PRESERVATION REGARDLESS OF JUDICIAL OUTCOME: THE RELIEF AND SANCTIONS SOUGHT WITHIN THESE FILINGS ARE PERMANENTLY DOCUMENTED WITHIN THE PENNSYLVANIA JUDICIAL SYSTEM (SUPERIOR COURT DOCKET NO. 2632 EDA 2026). WHETHER A LOCAL JUDGE SIGNS THIS EMERGENCY ORDER TODAY OR ATTEMPTS TO IGNORE IT, THE MANDATORY $50,000.00 DAILY FINANCIAL LIABILITY AND RECOURSE FOR LITIGATION FRAUD ARE ESTABLISHED AS AN ACTIVE MATTER OF APPELLATE LAW.**

**BY THE COURT:**

________________________________________

**J.**

________________________________________

**MANDATORY RECIPIENT ACKNOWLEDGMENT BLOCK**

*The law requires the recipient to execute their signature below to note service. Refusal to sign or acknowledge this document after*